# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE UNISYS CORPORATION RETIREE MEDICAL BENEFITS ERISA LITIGATION** | : | **MDL DOCKET NO. 969** |

ADAIR, HARLEY J.; ADAIR, MARGUERITE;
ALADZOW, MARIA; ALDANA, JOHN;
ALDANA, HILDA; ALDRED, JOHN; ALDRED,
BARBARA A.; ANDERSON, CHARLES W.;
ARMSTRONG, EUGENE; ARMSTRONG,
NORMA J.; ASHMAN, JOYCE H., individually
and as surviving spouse of Ashman, Vincent J.;
BECHTEL, HARVEY L.; BECHTEL, SANDRA
K.; BEDROSIAN, RICHARD A.; BEDROSIAN,
HELENE; BELIN, NAOMI; BELL, CHARLES
A.; BENSON, STANLEY G.; BENSON,
JOAN F.; BERKOWITZ, ELAINE P., individually
and as surviving spouse of Berkowitz, Cyril E.;
BERNHEISEL, MAXINE M.; BERNHEISEL,
HARLEN; BIESER, FLORENCE C.; BLADES,
JOHN D.; BLADES, DORIS V.; BOJANSKI,
JOSEPH A.; BOJANSKI, CLAIRE; BOOSE,
DEANE R.; BOOSE, SUSANNE; BOTZUM,
THEODORE F.; BOYER, ROBERT H.; BOYER,
FRANCES J.; BRANCH, FREEMAN E.;
BRANCH,  JOANN; BREAZEALE,
MARGARET;  BRENNAN, MARGARET;
BROCKER, MAGGIE B.; BROWN, JAMES W.;
BRUNASSO, JOHN R.; BRUNASSO, EMMA D.;
BUBNEKOVICH, ANNA M.; BURKE, RONALD
F.; BURROUGHS, ROBERT L.; BURROUGHS,
LAURALIE; BURTON, VIRGINIA M.; BUTLER,
JOE C.; BUTLER, VIRGINIA;
BUXTON, ISABEL, individually and as surviving
spouse of Buxton, William; CAMPBELL,
BEVERLY E.; CARLSON SR., ROBERT H.;
CARLSON, FAYE E.; CASTIGLIONE, LEO G.;
CASTIGLIONE, DAGMAR; CASTORANI,
MARY P.; CAVIN, LYMAN L.; CAVIN, VICKIE
E.; CHARBONNEAU, JUSTINA; CHEROSKE,
RONALD R.; CHEROSKE, MARILYN D.;
CHOU, JOSEPH T. H.; CHOU, LILY SHAU;

CIVIL ACTION NO.

**COMPLAINT**

CHUNG, MICHELLE J.; CHUNG, WON M.;          :
CLINEFELTER, GLENN A.; CLINEFELTER,          :
FAY; COBURN, SALLY L., individually and as     :
surviving spouse of Coburn, Clarence H.; COOK,  :
BRUCE G.; COOK, KATHRYN L.; COOPER,          :
BERTRAM, individually and as surviving spouse   :
Of Cooper, Riva S.; COULSON, JOHN E.;          :
COULSON, ANNE; COWAN, DORIS A.;             :
CROWE, ROBERT F.; CROWE, MILDRED L.;        :
CULP, ROBERT; DE CRESCENT, RONALD; DE       :
CRESCENT, SAUNDRA; DEAN, MARY JANE;         :
DELISLE, JEANNE M.; DELISLE, ANTHONY;        :
DEVINCENZI, ROBERT J.; DEVINCENZI,           :
GLORIA; DEZEMBER, WILBURN; DILORETO,        :
ERNESTINE; DILORETO, ALBERT; DIPAOLO,       :
KATHERINE, individually and as surviving spouse :
of DiPaolo, Thomas V.; DOUGLAS, DOROTHY;     :
EICHER, HENRY V.; MOOTS, MARY M.,           :
EINHORN, ANTOINETTE T.; RICHARD,            :
EINHORN; ELKINS, BENTON J.; ELKINS,          :
FRANCIS J.; ENDRESS, EUGENE P.; ENDRESS,     :
GENEVIEVE; ERICKSEN, STERLING R.;            :
ERICKSEN, MARGARETA F.; ESTRADA,            :
RODOLFO S.; ESTRADA, ROBERTA V.;            :
FERRA, ESPERANZA; FOLEY, ROBERT E.;          :
FRUTKIN, ARNOLD W.; FRUTKIN,                :
NANNETTE H.; FUNDERBURK, BILL J.;            :
FUNDERBURK, MARJORIE; FURLONG,              :
MURIEL, individually and as surviving spouse of  :
Furlong, Stanley M.; GALLAGHER, DENNIS F.,     :
individually and as surviving spouse of Gallagher, :
Julia M.; GALVAN, DAVID J.; GALVAN,           :
ATTYE C.; GAMBLE, ALTON C., individually       :
and as surviving spouse of Gamble, Helen M.;     :
GARTNER, RICHARD K., individually and as       :
surviving spouse of Gartner, Dorothy M.; GEIGER, :
RICHARD G.; GEIGER, BARBARA; GENEVA,        :
HENRY; GENEVA, GLORIA; GILLETT,             :
ROBERT S.; GILLETT, THERESA; GINSBERG,      :
ELIHU; GINSBERG, ANNALEE; GIOUMOUSIS,      :
GEORGE; GIOUMOUSIS, ELFRID; GIRTON,        :
ELISABETH K.; GOAR, JOHN L.; GOAR,           :
JUNE G.; GREEN, DELORIS M.; GREGOREK,       :
STEPHEN J.; GREGOREK, RHEA A.;              :
HANSELL, HOWARD B.; HANSELL, LILLIAN;       :
HANSON, JAMES M.; HANSON, BEVERLY;         :

HEATH, ROY T.; HEATH, MARJORIE C.;                     :
HERRERA, NARCISSA R.; HERRERA, LUPE                     :
M.; HIROTA, IRENE S.; HOCHBERGER,                       :
ALFRED; HOCHBERGER, MARGARET;                           :
HORSHAW, VERNON; HOUGH, ANITA A.,                       :
individually and as surviving spouse of  Hough, Joe          :
D.; HOUSER, ROLAND B.; HOUSER, PATTSY;                  :
HOYT, JAMES L.; HOYT, RUTH G.; JOHNSON, :
DOLORES P.; JOHNSON, WILLIAM L.;                        :
JOHNSON, DOROTHY M.; JOHNSON,                           :
KENNETH H.; JOHNSON, MARY ANN; JONES, :
MARVIN R.; JONES, BARBARA M.;                           :
JURGENSEN, LEONARD H.; JURGENSEN,                       :
GERRY J.; KEELER, ROBERT L.; KEELER,                    :
MARJORY J.; KELLEM, AMY S., individually               :
and as surviving spouse of Kellem, Darrell;            :
KELLY, BERT P.; KELLY, NORMA C.;                        :
KEMPER, ALBERTA M.; KIELIAN, MARY M.,  :
individually and as surviving spouse of Kielian,       :
Michael J.; KIRCHGASLER, RONALD M.;                    :
KIRCHGASLER, JOANNE; KLEIN, PATRICK                    :
E.; KNIGHT, EVELYN K.; KNIGHT, WALLACE :
E.; KOWALCZYK, HELEN; KRUPINSKI,                        :
STEPHEN R.; KRUPINSKI, CONSTANCE;                      :
KUENEMAN, DONALD L.; KUENEMAN,                          :
HAZEL JEA; LACKMAN, JOSEPH  F.,                         :
Individually and as surviving spouse of Lackman,       :
Dorothy H.; LAMBERT, JAMES P.; LAMBERT,                :
LAQUTIA; LANSON, MAVIS, individually and               :
as surviving spouse of Lanson, Anthony; LYNCH,         :
ALBERT; LYNCH, KATHERINE M.; MACE,                     :
LOUISE V.; MACHATA, JOSEPH M.;                          :
MACONDRAY, FREDERICK; MANNS,                            :
ARTHUR D.; MANNS, LAROYCE C.; MARINO, :
ANTHONY R.; MARINO, BETTE; MCHENRY,                    :
MONICA E.; MEINKE, ELIZABETH L.; MEYER,:
ANNE M.; MIKSCHL, JEROME J.; MIKSCHL,                  :
MARY; MILLER, KENNETH R.; MILLER,                       :
VELMA; MILLS, JESSIE P.; MILLS, GEORGE;                :
MITCHELL, MARVIN; MORGAN, JOHN  J.;                    :
MORGAN, ROSE; MORRIS, FRANK S.;                         :
MORRIS, CLAUDIA; MOYA, DOROTHY I.;                     :
MUFF, HARRY J.; MUZZIO, ADELE B.; NAGY,  :
RICHARD A.; NAGY, INGRID B.; NICHOLS,                  :
DELORES, individually and as surviving spouse of :
Nichols, Tom H.; NUZZO, CAMILLE M.;                    :

OAKLEY, MARY; OKIMOTO, ROBERT S.;          :
OKIMOTO, HARRIET; OSCHMANN, JANET;          :
OVERZET, HAROLD J.; OVERZET, MARILYN        :
J.; PAUL, DIANA B.; PAVLIC, WALTER  J.;      :
PAVLIC, BERNADETTE; PELKEY, LOUIS L.;        :
PELKEY, MARTHA; PESNELL, CHARLES Z.;         :
PESNELL, DORIS M.; PETERMAN, HELEN M.;       :
PETERS, ELAINE J.; PETERS, ALLEN;            :
PETERSON, KEVIN R.; PETERSON, JOAN L.;       :
PILGER, HANS H.; PILGER, LOTTE M.;           :
POTTER, KEITH W.; POWELL, MARY C.;           :
RAGLE, RICHARD E.; RAGLE, DAPHNE;            :
RANDOLPH, JOE D.; RAWLINGS, EDWARD           :
W.; RAWLINGS, DOROTHY E.; REILLY,            :
JEANNETTE C.; RILEY, JANE B.; ROGEZ,         :
VIRGINIA L.; ROSSI, HELLYN J.;               :
ROUDABUSH, RENATE, individually and as       :
surviving spouse of Roudabush, Donald R.;    :
RUSCIANO, GEORGE C.; SAILOR, BARBARA         :
K., individually and as surviving spouse of Sailor, :
Dale E.; SANDERS, DONALD V.; SANDERS,        :
JOAN F.; SCARR, EDNA A.; SCHIEMAN,           :
ROBERT J.; SCHIEMAN, ELIZABETH;              :
SCHWIEGER, SIVEL, individually and as        :
surviving spouse of Schwieger, Carl; SECUNDA., :
MARGERY, individually and as surviving spouse :
of Secunda, Kenneth; SEVELA, ISABELLE,       :
individually and as surviving spouse of Sevela, :
Frederick E.; SEVERSON, ELLEN D.; SHAKLEE, :
ALBERT R.; SHAKLEE, DORIS A.; SHIM,          :
AILEEN L.; SHOUP, HAROLD E.; SHOUP,          :
BEVERLY P.; SIMMONS, DOUGLAS W.;             :
SIMMONS, RUTH; SMYTH, PHYLLIS M.;            :
SMYTH, JOHN; SONDERGAARD, OWEN R.;           :
SONDERGAARD, YOLAIN; SOPKO, MARIAN           :
F., individually and as surviving spouse of Sopko, :
Paul; STAGGS, DOLORES J.; STAGGS,            :
WILLIAM; STEVENS, DONALD E.; STEVENS,        :
PAULINE M.; STRINGER, RUTH P.; SWEET,        :
BONNIE MAE; SYKES, KATHERINE L.;             :
TINLEY, EDWARD A.; TINLEY, MARGARET          :
E.; TRIPP, VERNON DALE; TRIPP, JO MARIE;     :
TROTTER, DOROTHY; TRUJILLO, ELOY E.;         :
TRUJILLO, BETTYE; TWITCHELL, ALVIN;          :
VILLANO, JOAN; VINCENT, EDGAR L.;            :
VINCENT, VIRGINIA; VOLLERTSEN,               :

RUSSELL A.; VOLLERTSEN, LOYS; WADE,        :
MARTHA L.; WALNUT, ANNE S., individually   :
and as surviving spouse of Walnut, Francis K.;   :
WATSON, PETER G.; WATSON, SUZANNE;         :
WEBSTER, CATHERINE, individually and as    :
surviving spouse of Webster, Mathias L.;   :
WERTER DON; WERTER, JOAN H.; WILSON,       :
JENNIE L.; WILSON, GUY C.; WINES,          :
WARREN R.; WINES, ELIZABETH P.;            :
WOODHART, JEAN; WYNNE, MARCENE;            :
YEAGER, THOMAS W.; YOUNG, JAMES L.;        :
YOUNG, RALPH R., individually and as surviving :
spouse of Young, Julie M.;                 :
                                           :
        Plaintiffs,                       :
                                           :
        v.                                :
                                           :
UNISYS CORPORATION,                        :
                                           :
        Defendant.                        :
——————————————————————————                 :

## <u>COMPLAINT</u>

This action is brought by former long-service employees of Unisys Corporation and its predecessor Burroughs Corporation (collectively "Unisys" or "the company"), and spouses and surviving spouses of these employees, who were participants in the Burroughs Medical Plan for Retired Employees ("the Plan"), a plan that was sponsored and administered by the company and that provided medical benefits during retirement and disability to former employees of the company and their eligible spouses and dependents. As documented in previous court proceedings and rulings, the company systematically misrepresented the nature of these medical benefits to plaintiffs, falsely assuring them that the company would provide them secure medical coverage at low or no cost for their lifetimes. The company and its managers knew that these representations were false, and they also concealed and otherwise failed to disclose the fact that the medical benefits provided to plaintiffs during retirement or disability could be reduced or terminated at any time. As a result of

this pervasive violation of ERISA's strict fiduciary duties, plaintiffs have suffered and continue to suffer significant financial harm.  This action seeks declaratory, injunctive and other equitable relief to remedy Unisys' violation.

## JURISDICTION AND VENUE

1.      This Complaint arises under Sections 404 and 502(a) of ERISA, 29 U.S.C. §§ 1104 and 1132(a).  This Court has jurisdiction over the subject matter of this action by operation of 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

2.      Venue is proper in this district under 29 U.S.C. § 1132(e)(2), in that the breaches of fiduciary duty and violations alleged herein occurred in this district and defendant resides, does business, and is found in this district, and under 28 U.S.C. § 1391(b), in that the cause of action arose in this district.

## PARTIES

3.      Each of the plaintiffs enrolled in and was a participant in the Burroughs Post-Retirement Medical Plan and is either a former employee of the company or the spouse or surviving spouse of such an employee.  Each of the plaintiffs was a member of the Burroughs Class certified in these proceedings by Stipulation and Order dated June 9, 1993.  The address, date of birth, hire date, last day of work, pension commencement date, spouse name and date of birth, and other personal information for each plaintiff is set forth in the Unisys-prepared database entitled "Burroughs Regular Retirees – 6,229 Records" and dated May 28, 2003, which is incorporated by reference to the extent necessary.  The personal identifying information for each plaintiff is voluminous.  In order to avoid undue complexity and disclosure of private information, it is not set out in this pleading.

4.     Defendant Unisys Corporation is a Delaware corporation and has its headquarters and principal place of business in this district at Township Line and Union Meeting Roads, Blue Bell Pennsylvania.  Unisys is the product of the 1986 merger between Sperry Corporation and Burroughs Corporation and is the successor in interest to both companies.  The Plan was a welfare benefits plan governed by ERISA.  Defendant was the sponsor of the Plan until it terminated the Plan effective January 1, 1993.  Defendant also was the named fiduciary of the Plan and its administrator, and otherwise exercised discretion and control over the administration and management of the Plan.  Defendant at all relevant times was a Plan fiduciary, within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).  As a fiduciary of the Plan, defendant, along with the staff to whom it delegated certain of its administrative responsibilities, had the strict ERISA fiduciary duties to, inter alia, act with undivided loyalty towards and solely in the interest of plaintiffs and other participants and beneficiaries of the Plan; to accurately state information about the Plan and to refrain from misrepresenting or omitting material information about the Plan; and to otherwise carry out its duties in a prudent manner.

## TOLLING DUE TO PRIOR CLASS ACTIONS

5.     Each of the plaintiffs was a member of the Burroughs Class certified in these proceedings by Stipulation and Order dated June 9, 1993.  The first of the class action complaints brought on behalf of members of the Burroughs Class was the *Romano* action (No. 92-CV-6938), filed on December 3, 1992.  All statutes of limitations applicable to plaintiffs' claims have been tolled during the pendency of these proceedings.

## FACTUAL BACKGROUND

6.     During the employment of those plaintiffs who were employed by the company, and the employment of the deceased spouses of those plaintiffs who were not themselves

employed by the company, and continuing to and beyond the dates of their cessation of employment, Burroughs and its successor Unisys engaged in a systematic, pervasive, and continuing course of conduct of actively misinforming and misrepresenting, both orally and in writing, to the employees and their spouses that the company would provide them secure, lifetime post-retirement medical benefits at low or no cost and that they could depend upon the continuing availability of these valuable benefits throughout their retirements.  The company's written and oral misrepresentations were emphasized by the company as strong reasons for employees to, inter alia, remain employed by the company, tolerate lower rates of pay than could be obtained with other employers, resist union organizing, accept voluntary terminations or lay-offs from employment, and/or choose early retirements in lieu of continuing to work.  The company gained substantial economic advantages from its conduct by, inter alia, curtailing its expenses for salary, fringe benefits, payroll taxes, severance benefit obligations, and pension and savings plan benefit accruals.

7.    The company's misrepresentations to plaintiffs about the duration, security, and value of the retiree medical benefits were not in fact true and the company knew this.  Unknown to plaintiffs, the company purported to reserve the right to change, reduce or terminate the medical benefits at any time and for any reason, even after the retirement or disability of an employee.  Thus, the benefits in fact were terminable at will by the company and were not at all secure or dependable.   Notwithstanding the high degree of materiality of these facts to reasonable employees, and the company's simultaneous awareness that employees believed and were acting upon the company's misrepresentations of secure, low-cost or free, lifetime benefits, the company did not disclose the material fact that the benefits were terminable at will or take any other steps to correct the false information it systematically disseminated about the benefits.

8.   As previously found by the Court, the company made numerous "affirmative and material misrepresentations," both oral and written, to the plaintiff employees and their spouses. These misrepresentations occurred in, inter alia, "pre-retirement meetings in which the speaker assured the audience that medical benefits would last for a lifetime;" oral misrepresentations to employees; documents stating that the medical insurance "continued during the lifetime of the retired employee and a surviving spouse" but which did not contain any language purporting to reserve any right to amend, reduce or terminate the benefits; scripts for group meetings in which employees were assured that "The Sperry/Burroughs Medical Plan for Retirees will last for your lifetime or your spouse's lifetime;" and the continuing practice of human resources and other personnel to assure employees that the company provided "free medical benefits to retirees for life."

9.   The information that was misrepresented to and concealed from plaintiffs about the true duration, security, and value of the retiree medical benefits was material.  There was a substantial likelihood that this misrepresented and concealed information would be viewed as important by reasonable employees and their spouses and would mislead them in making adequately informed decisions about whether to stop working for the company, whether to commence receipt of a pension, whether to seek subsequent employment, and whether to make, or refrain from making, other important personal decisions.

10.   As previously found by the Court, "the Company's high-level managers were aware of employees' confusion about their benefits," but the company failed to clarify or correct the misinformation about the benefits.  Company documents establish that there was company knowledge of employee confusion, even at the high level of the Vice President of Human Resources.  The company and its staff who participated in disseminating information about the

benefits and/or encouraging employees to consider termination of employment and commencement of their pensions, routinely communicated with plaintiffs about the benefits with the intention and expectation that plaintiffs would believe they would receive secure, low-cost or free, benefits for their lifetimes.   In addition, because the company's conduct created a substantial risk of misleading reasonable employees and their spouses, it was foreseeable that they would be so misled to their detriment.   A reasonable fiduciary in Unisys' position would have foreseen that this conduct would result in important decision making by employees and their spouses based on the mistaken belief that they possessed guaranteed lifetime benefits.

**COUNT ONE**

**<u>VIOLATION OF ERISA FIDUCIARY DUTIES</u>**

11.     Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 10, above.

12.     At all pertinent times, defendant Unisys acted as the named fiduciary, administrator, and fiduciary of the Plan.   One of its administrative activities governed by ERISA's strict fiduciary duties was the dissemination of information about the terms of the retiree medical benefits provided to retired employees and their eligible spouses and dependents.   From time to time, Unisys called upon and delegated to its employee-agents its fiduciary responsibility to provide this information about these benefits.   In performing these activities, defendant was governed by the fiduciary duties of Section 404(a) of ERISA, 29 U.S.C. § 1104(a).   These fiduciary duties include the duty to act solely in the interest of plan participants and beneficiaries, to act with utmost loyalty to them, to disclose truthful information about plan benefits, and to refrain from misrepresenting the terms of the plan.

13.     Defendant violated its strict ERISA fiduciary duties to plaintiffs on a continuing basis by misrepresenting the true nature of the retiree medical benefits and concealing the fact that the company actually purported to reserve the right to amend or terminate the benefits at any time for any reason.  This information about the benefits was material.

14.     As a result of the company's misrepresentations and omissions, each plaintiff and his/her spouse (if any) were induced to either act, or fail to act, to their detriment with respect to important personal and family financial decisions, such as decisions to stop working for the company and retire, to begin receiving a company pension, not to seek additional employment or more remunerative employment, and/or decisions regarding household budgeting, savings, investing, and other sources of medical coverage.  Each plaintiff thereby suffered substantial financial injury as a result of defendant's conduct.

15.     The company either knew, or as a reasonable fiduciary should have foreseen, that its conduct would have these effects on employees and their spouses such as plaintiffs.

16.     The company thereby committed a continuing violation of Section 404(a) of ERISA, 29 U.S.C. § 1104(a), and is liable for all losses that the violation has caused to each plaintiff.

### PRAYER FOR RELIEF

WHEREFORE, each plaintiff requests that:

A.     The Court declare, adjudge and decree that defendant violated the strict fiduciary duties, responsibilities, and obligations imposed on it by Section 404 of ERISA, 29 U.S.C. § 1104;

B.     The Court grant relief to redress defendant's fiduciary violation and to enforce ERISA's strict fiduciary provisions, including (1) enjoining defendant to restore the benefits that were applicable to each plaintiff under the Plan before the company terminated the Plan; (2) ordering a reformation of the Plan to eliminate and declare invalid any provision purporting to reserve an

employer right to modify or terminate the Plan with respect to participants who had begun to receive benefits under the Plan, such as plaintiffs; (3) enjoining defendant to reinstate the Plan as so reformed; and (4) ordering defendant to make restitution to each plaintiff in an amount equal to the greater of (a) the financial burdens and detriments which defendant shifted to each plaintiff, including medical plan premiums and other increased cost obligations under the company's replacement medical plan and/or under other sources of medical coverage used by each plaintiff, as well as lost salary, pension accruals and other benefits lost due to employees' decisions to stop working and/or commence their pensions on dates which were earlier than would have occurred in the absence of the violation, and (b) the amount of financial advantages gained by defendant as a result of its violation, including costs collected from each plaintiff under the company's replacement medical plan or otherwise avoided or shifted to each plaintiff, as well as the costs of salary, pension accruals and other benefits avoided by the company due to employees' decisions to stop working and/or commence their pensions on dates which were earlier than would have occurred in the absence of the violation;

  C. The Court award to plaintiffs and their counsel reasonable costs and expenses, pre- and post-judgment interest, and attorneys' fees; and

  D. The Court grant such other relief as may be just and proper.

Dated: July 1, 2003             Respectfully submitted,


            _____

            Alan M. Sandals
            Scott M. Lempert
            **SANDALS & LANGER, LLP**
            One South Broad Street, Suite 1850
            Philadelphia, PA  19107
            (215) 825-4000
            Charles Gottlieb
            **GOTTLIEB & GOREN, P.C.**

30150 Telegraph, Suite 249
Bingham Farms, MI  48025

Joseph Golden
**SOMMERS, SCHWARTZ,**
**SILVER & SCHWARTZ, P.C.**
2000 Town Center, Suite 900
Southfield, MI  48075

Harold Berger
Charles P. Goodwin
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA  19103

Henry H. Rossbacher
James S. Cahill
**THE ROSSBACHER FIRM**
811 Wilshire Blvd., Suite 1650
Los Angeles, CA  90017

Attorneys for Plaintiffs