## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| **IN RE UNISYS CORPORATION RETIREE** | : | **MDL DOCKET NO. 969** |
| **MEDICAL BENEFITS ERISA LITIGATION** | : | |
| | : | |
| | : | |
| **ADAIR, HARLEY, J., ET AL.,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 03-03924** |
| | : | |
| **UNISYS CORPORATION,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## DEFENDANT UNISYS CORPORATION'S PRETRIAL MEMORANDUM

In accordance with Local Rule of Civil Procedure 16.1(c) and the Parties' Joint

Stipulation and Proposed Order Regarding Procedural Steps Leading to Trial of Certain Claims

for Trial Before Magistrate Judge Thomas J. Rueter Serving as Special Master (the "Joint

Stipulation"), which was approved by the Court on July 14, 2004, Defendant Unisys

Corporation, submits its Pretrial Memorandum.

## I.      NATURE OF THE ACTION

The October 17-31, 2005 trial in this action involves the claims of 15 individuals who

were formerly employed by a Unisys predecessor, Burroughs Corporation, and who retired

between 1987 and 1989 (the "Trial Plaintiffs").  They assert claims for breach of fiduciary duty

("BOFD") against Unisys under Section 502(a)(3) of the Employee Retirement Income Security

Act of 1974 ("ERISA"), 29 U.S.C. §1132(a)(3).  The Trial Plaintiffs are Harvey Bechtel,

Theodore Botzum, Mary Castorani, Ernestine Diloreto, Eugene Endress, Dennis Gallagher,

Henry Geneva, Elihu Ginsberg, Howard Hansell, Vernon Horshaw, Helen Peterman, Robert

Schieman, Ruth Stringer, Anne Walnut and Thomas Yeager. These individuals retired from Unisys' Blue Bell, Devon, Downingtown, Great Valley, Paoli, Radnor and Tredyffrin facilities in southeastern Pennsylvania (the "southeastern Pennsylvania facilities").

The litigation leading to this trial began over twelve years ago. During that time, the District Court has overseen final resolution of more than 35,000 claims brought against Unisys under ERISA. The relevant procedural history is set forth below.

A. **Background**

In September 1986, Sperry Corporation and Burroughs Corporation, two competing computer manufacturers, merged to form Unisys Corporation. Prior to the merger, both Sperry and Burroughs provided their retiring employees with post-retirement medical coverage at little or no cost to the retiree. After the merger, Unisys continued to provide the pre-merger benefits under the separately established Sperry and Burroughs plans. Those employees who previously worked for Burroughs received retiree medical benefits under the Burroughs plan, while those employees who previously worked for Sperry were provided retiree medical benefits under the Sperry plans. Unisys also started its own plan for employees who retired after April 1, 1989. This Unisys plan had different terms and costs than both the Sperry retiree medical plan and the Burroughs plan.

On November 3, 1992, Unisys announced that, pursuant to its reserved right to modify or terminate retiree medical benefits, it was terminating the Burroughs, Sperry and Unisys retiree medical benefit plans and replacing them with a new consolidated plan effective January 1, 1993. Under the new plan, retirees were responsible for increasing levels of contribution until January 1, 1996, after which time they were required to pay the full cost of their coverage under the plan. The District Court previously has explained the reasons for this decision, as follows:

> Unisys' 1992 decision to replace all pre-existing plans with the
> Unisys Post-Retirement and Extended Disability Plan ("the new
> plan") was the product of a number of factors.  It was prompted in
> part by the issuance of Financial Accounting Standards Board
> Statement No. 106 ("FAS 106"), which would have created large
> liability on Unisys' financial statements.  [Citation omitted].
> Unisys also terminated the old plans because of escalating medical
> costs and administrative costs of maintaining many different plans.

In re Unisys Corp. Retiree Med. Ben. ERISA Litig., 957 F. Supp. 628, 636 (E.D Pa. 1997)

("Unisys (E.D. Pa.) IV").[1]

### B.   The Initial Proceedings

Nine cases challenging Unisys' decision to terminate its retiree medical benefit plans

were filed in several different jurisdictions in 1992 and 1993.  The Judicial Panel on Multidistrict

Litigation assigned these cases to former Chief Judge Edward N. Cahn for consolidated pretrial

proceedings.  The parties subsequently stipulated to the transfer of the cases to Judge Cahn for

trial purposes as well.

On June 9, 1993, the District Court approved the parties' stipulation to certify three

separate classes consisting of Sperry (approximately 15,200 class members), Burroughs

(approximately 11,600 class members) and Unisys (approximately 5,700 class members)

---

[1]     For relative ease of reference, this Pretrial Memorandum cites prior District Court opinions in this matter as "Unisys (E.D. Pa.)" opinions and cites prior appellate opinions as simply "Unisys" opinions.  The referenced opinions are:  In re Unisys Corp. Retiree Med. Ben. ERISA Litig., 837 F. Supp. 670 (E.D. Pa. 1993) ("Unisys (E.D. Pa.) I") (the opinion granting summary judgment to Unisys on the estoppel and BOFD claims of all regular retirees and on the contract claims of the Burroughs and Unisys regular retirees); In re Unisys Corp. Retiree Med. Ben. ERISA Litig., MDL No. 969, 1994 WL 284079 (E.D. Pa. June 24, 1994) ("Unisys (E.D. Pa.) II") (Judge Cahn's post-trial opinion); In re Unisys Corp. Retiree Med. Ben. ERISA Litig., MDL No. 969, 1996 WL 455968 (E.D. Pa. Aug. 13, 1996 ("Unisys (E.D. Pa.) III")) (the opinion reinstating the Burroughs and Unisys BOFD claims); In re Unisys Corp. Retiree Med. Ben. ERISA Litig., 957 F. Supp. 628 (E.D Pa. 1997) ("Unisys (E.D. Pa.) IV") (the opinion granting Unisys summary judgment on certain BOFD claims); In re Unisys Corp. Retiree Med. Ben. ERISA Litig., MDL No. 969, 2003 WL 252106 (E.D Pa. 2003) ("Unisys (E.D. Pa.) V") (the opinion granting Unisys' motion to decertify); In re Unisys Corp. Retiree Med. Ben. ERISA Litig., No 94-1912 (3d Cir. 1995) (unpublished) (the opinion affirming Judge Cahn's decision that the Burroughs regular retirees' contract and estoppel claims failed as a matter of law); In re Unisys Corp. Retiree Med. Ben. ERISA Litig., 57 F.3d 1255 (3d Cir. 1995), cert. denied, 517 U.S. 1103 (1996) (referred to herein and in Third Circuit opinions as "Unisys II"); and In re Unisys Corp. Retiree Med. Ben ERISA Litig., 242 F.3d 497 (3d Cir.), cert. denied, 534 U.S. 1018 (2001) ("Unisys III") (the Third Circuit's most recent pronouncement in the case).  No citation appears in this Memorandum to the opinion the Third Circuit has come to refer to as "Unisys I," which is reported at 58 F.3d 896.

retirees.  The parties and the District Court further divided each of these three classes for

discovery and trial purposes into "regular" retirees (*i.e.* those who retired in the normal course)

and "early" retirees (*i.e.* those who retired pursuant to one of the various voluntary retirement

incentive plans ("VRIPs") offered by Unisys). [2]  The class members in each of these six

subclasses asserted three separate claims under ERISA -- breach of the terms of the underlying

benefit plans (the "contract" claim), an estoppel claim, and a BOFD claim.

     **C.**       **The Pretrial Motions and Trial**

On June 30, 1993, Unisys filed a motion for summary judgment on all of the claims of

the Burroughs, Sperry and Unisys regular retirees.  Unisys argued that the reservation of rights

clause in the retiree plan documents and summary plan descriptions ("SPDs") precluded the

contract claims, and that the plaintiffs had failed to establish cognizable BOFD or estoppel

claims.  On October 13, 1993, the District Court granted summary judgment to Unisys on the

estoppel and BOFD claims of all regular retirees and on the contract claims of the Burroughs and

Unisys regular retirees.  See Unisys (E.D. Pa.) I, 837 F. Supp. 670.  In relevant part, the District

Court held that Unisys (and Burroughs as its predecessor) "consistently reserved its statutory

rights" to terminate the Burroughs plan in the relevant plan documents and SPDs.[3]  Id. at 676-77.

Thus, as of October 13, 1993, none of the claims currently asserted by the Trial Plaintiffs

remained in the class litigation.  As noted below, the BOFD claims of the Trial Plaintiffs were

reintroduced into this case after the trial of the class claims.  Simply stated, none of the claims of

the Trial Plaintiffs were dealt with in the prior trial, as they had all been dismissed on pre-trial

---

[2]       Thus, there were six distinct subclasses:  (1) the Burroughs regular retirees; (2) the Sperry regular retirees;
(3) the Unisys regular retirees; (4) the Burroughs early retirees; (5) the Sperry early retirees; and (6) the Unisys early
retirees.  The Trial Plaintiffs in this case were all members of the Burroughs regular retiree subclass.

[3]       In contrast, the District Court found the plan documents and SPDs for the Sperry plans were ambiguous
because they contained references to "lifetime" benefits.  No such "lifetime" language existed in the Burroughs plan.
Unisys (E.D. Pa.) I, 837 F.Supp. at 679.

motion.

Unisys did not move for summary judgment on the claims of the early retirees.  Id. at 672.  In late 1993 and early 1994, a bench trial was held on the claims of the Sperry, Burroughs and Unisys early retirees, as well as the contract claims of the Sperry regular retirees.  Following the trial and prior to closing argument, Unisys reached a settlement with the Sperry and Burroughs early retirees.  Unisys refused to settle the claims of the Unisys early retirees.

On June 23, 1994, after considering the testimony of 85 witnesses and reviewing 747 exhibits, the District Court entered judgment in favor of Unisys on the contract claims of the Sperry regular retirees and on all of the claims of the Unisys early retirees.  See generally Unisys (E.D. Pa.) II, 1994 WL 284079.  Upon motion of the plaintiffs, the District Court also reinstated the BOFD claims of the Sperry regular retirees in light of the Third Circuit's intervening decision in Bixler v. Central Pa. Teamsters Health and Welfare Fund, 12 F.3d 1292 (3d Cir. 1993).  Id.  As noted above, the District Court had previously granted summary judgment in favor of Unisys on these claims, and they had not been tried to a final judgment.  Nevertheless, relying upon the testimony of Sperry executives and employees and the promise of "lifetime" benefits made explicitly in the Sperry plan documents, the District Court found that "it seems possible that at least some [Sperry] plaintiffs will be able to sustain a BOFD claim."  Id. at *27.  However, the District Court acknowledged the individualized nature of these claims, noting that "the evidence presented to substantiate a BOFD claim, such as potentially misleading communications, was often specific to each division, and in many cases, specific to the individual.  Id. at *17, *27.  Indeed, the District Court held that "because some plaintiffs have stronger claims than others based on their specific inquiries and the information given to them personally, the court finds that subclasses, and possibly even individual hearings, will be

necessary to adjudicate these claims." Id. at *27.  Notably, this decision did not involve the claims of the Trial Plaintiffs, who were part of the Burroughs regular retiree subgroup, and whose claims had been dismissed on summary judgment before the trial.

      **D.**        **The Original Appeals**

      The District Court certified its ruling reinstating the Sperry BOFD claims for immediate interlocutory appeal.  While Unisys' appeal of the Sperry BOFD ruling was pending, the District Court held in abeyance a ruling on the plaintiffs' motion to reinstate the BOFD claims of the Burroughs and Unisys regular retirees, which also had not been tried.  In addition to Unisys' interlocutory appeal, the plaintiffs appealed the District Court's judgment in favor of Unisys following the trial on the contract claims of the Sperry regular retirees and on all of the claims of the Unisys early retirees.  The plaintiffs also appealed the District Court's October 13, 1993 summary judgment ruling on the contract and estoppel claims of the Burroughs and Unisys regular retirees.

      On June 28, 1995, the Third Circuit, in four separate opinions, affirmed the District Court's rulings in all respects, and the Supreme Court denied certiorari on March 25, 1996.  Significantly, the Third Circuit affirmed the determination that the contract and estoppel claims of the Burroughs retirees failed as a matter of law because the reservation of right language in the Burroughs and Unisys plans was clear and unambiguous.  See In re Unisys Corp. Retiree Med. Ben. ERISA Litig., No 94-1912 (3d Cir. 1995) (a copy of which is attached hereto as Exhibit A).  The Third Circuit also affirmed (1) the post-trial rulings in favor of Unisys on the contract and estoppel claims of the Sperry regular retirees and all claims of the Unisys early retirees, (2) the summary judgment rulings in favor of Unisys on the contract and estoppel claims of the Unisys regular retirees, and (3) the District Court's approval of the settlement of the

Burroughs and Sperry early retiree claims.  Among other things, these decisions had the effect of finally resolving the contract and estoppel claims of the Sperry, Burroughs, and Unisys regular retirees and all claims of the Sperry, Burroughs and Unisys early retirees.

The Third Circuit also remanded the BOFD claims of the Sperry regular retirees to the District Court for adjudication.  See Unisys II, 57 F.3d 1255.  On August 13, 1996, the District Court reinstated the BOFD claims of the Burroughs regular retirees.  See Unisys (E.D. Pa.) IV, 1996 WL 455968.  Importantly, this decision took place before *any* discovery regarding the individual BOFD claims of the Burroughs regular retirees had taken place.

### E.     The Continuing Class Litigation of the Sperry, Burroughs and Unisys Regular Retirees' BOFD Claims

As a result of the above proceedings, by the end of 1996, all that remained in this litigation were the BOFD claims of the Sperry, Burroughs and Unisys regular retirees.  Unisys then moved for summary judgment on the claims of Sperry and Burroughs regular retirees who retired more than six years before the filing of the original Complaints, arguing that their claims were time barred.  Unisys also moved for summary judgment on the claims of those plaintiffs who had been involuntarily terminated, reasoning that they could not establish that they had ended their employment prematurely based on the company's purported misrepresentations.  On March 10, 1997, the District Court granted Unisys' motion for summary judgment and dismissed the claims of over 14,000 retirees.  See generally Unisys (E.D. Pa.) IV, 957 F.Supp 628.

The District Court authorized Unisys to serve discovery on individual class members whose claims survived the March 10, 1997 summary judgment ruling.  Interrogatories and document requests were subsequently served on the remaining approximately 1,400 Sperry, Burroughs and Unisys regular retirees.  In November 1997, the parties reached a tentative settlement of the claims of most of the remaining Sperry regular retirees.  That settlement was

approved by the District Court on December 28, 1998.[4]  (December 28, 1998 Order).  The

claims of the Trial Plaintiffs were not affected by the March 10, 1997 summary judgment

decision nor by the settlement of the Sperry claims.

 **F.** **The 2001 Appeal**

 On March 9, 2001, the Third Circuit reversed the March 10, 1997 summary judgment

ruling and reinstated the BOFD claims of the 14,000 Sperry, Burroughs and Unisys regular

retirees.  Unisys III, 242 F.3d 497.  In its decision, however, the Third Circuit made it clear that

the plaintiffs' burden of establishing a BOFD claim was a difficult one in light of the company's

practice of issuing SPDs that unambiguously advised plan participants of the company's reserved

right to amend or terminate its benefit plans.  Id. at 508-10.  Indeed, it was the plaintiffs, and not

Unisys, who ultimately sought en banc reconsideration of the Third Circuit's decision.

Reconsideration was denied.

 **G.** **The Final Sperry Settlement and Class Decertification**

 Shortly after the Third Circuit's 2001 decision, the parties agreed to a settlement of *all*

remaining Sperry regular retiree claims.  As of that settlement, *all* claims regarding the Sperry

plans were eliminated from the case.  Only the BOFD claims of the Burroughs and Unisys

regular retirees remained.

 On February 4, 2003, the District Court granted Unisys' motion to decertify the

remaining 10,000+ claims of the Burroughs and Unisys regular retirees.  In doing so, the District

Court held that each element of the regular retirees' claims "will require individualized proof

with respect to the remaining retirees, and the class thus lacks the cohesiveness required to be

litigated as a class action under Rule 23(b)(2)."  Unisys (E.D. Pa.) IV, 2003 WL 252106 at *4.

---

[4] The BOFD claims of two small Sperry regular retiree subgroups were neither settled nor dismissed as a result of the March 10, 1997 decision.  As noted below, these claims were later settled.

### H.     The Litigation of the Remaining Individual Claims

Five separate multi-plaintiff BOFD actions were filed against Unisys after the decertification of the Burroughs and Unisys regular retiree subclasses.  In total, less than 900 of the over 10,000 former class members whose claims were not settled or adjudicated in the class action decided to continue to pursue this litigation.  The claims of the Burroughs regular retirees who had not been dismissed pursuant to the District Court's March 10, 1998 decision were filed together under the caption of *Adair, et. al v. Unisys Corporation*.  The parties then began additional discovery regarding the individual claims of the plaintiffs named in each of the five Complaints.

On July 14, 2005, "[i]n an effort to more efficiently and economically adjudicate this action," the parties agreed to sever the claims of the 15 Trial Plaintiffs, all of whom were listed in the *Adair* Complaint, retired from one of Burroughs' southeastern Pennsylvania facilities, and currently reside in the area.  (See July 14, 2005 Order Approving the Parties Joint Stipulation and Proposed Order Severing Certain Claims for Trial, attached hereto as Ex. B, ¶ 1).  The Court approved this approach on the same day.  (Id.).  It is these claims, and only these claims, that will be tried beginning an October 17, 2005.

## II.     STATEMENT OF FACTS AND LEGAL ISSUES

### A.     The Elements Of The Trial Plaintiffs' Claims

The Trial Plaintiffs assert that Unisys is responsible for their apparent failure to understand that their retiree medical benefits were subject to change.  Specifically, the Trial Plaintiffs allege that Unisys (1) misrepresented to them that their retiree medical benefits were vested and could not change despite the fact that Unisys reserved the right to modify or terminate

those benefits at any time, and (2) failed to adequately advise them of that reserved right.[5]

In order to establish liability on a BOFD misrepresentation claim, each of the Trial Plaintiffs must prove that "[1] an employer, acting as a fiduciary, [2] made a material misrepresentation that would confuse a reasonable beneficiary about his or her benefits, and [3] the beneficiary acted thereupon to his or her detriment." Unisys III, 242 F.3d at 505 (citations omitted). In ruling that the claims of the previous classes lacked cohesiveness, and therefore were not amenable to further class treatment, the District Court held that "each of these elements will require individualized proof." See Unisys (E.D. Pa.) IV, 2003 WL 252106 at *4.

The Third Circuit has also recognized that, in limited circumstances, a fiduciary may have an obligation "to communicate to the beneficiary material facts affecting the interest of the beneficiary which he knows the beneficiary does not know and which the beneficiary needs to know for his protection." Unisys III, 242 F.3d at 509. Thus, to prevail on their claim that Unisys failed to adequately disclose the existence of its right to modify or terminate retiree medical benefits, each Trial Plaintiff must establish that: "(1) the company was acting in a fiduciary capacity; (2) the company . . . failed to adequately inform plan participants and beneficiaries; (3) the company knew of the confusion generated by . . . its silence; and (4) there was resulting harm to employees." International Union, United Auto., Aerospace & Agr. Implement Workers of America, U.A.W. v. Skinner Engine Co., 188 F.3d 130, 148 n. 7 (3d Cir. 1999).

None of the Trial Plaintiffs will be able to establish the elements of a claim for misrepresentation or failure to adequately disclose that Unisys had the right to modify or

---

[5]     In their opposition Unisys's motion *in limine*, the Trial Plaintiffs appear to be taking the position that they are only asserting misrepresentation claims against Unisys, and not inadequate disclosure claims. See Trial Plaintiffs' Opp. to Motion in Limine at 3. Indeed, the criticize Unisys for identifying "knowledge of confusion" as an element of their misrepresentation claims when Unisys actually properly listed it an element of an inadequate disclosure (or omission) claim. See, e.g., Hussey v. Chase Manhattan Bank, No. Civ. A. 02-7099, 2005 WL 2139872, at *10-14 (E.D. Pa. Sept. 1, 2005.)(distinguishing between misrepresentation and omission claim and finding that plaintiff failed to prove either). Unisys has no objection if the Trial Plaintiffs have finally agreed to abandon their frivolous inadequate disclosure claims.

terminate its medical benefit plans. To the contrary, the evidence will show that Burroughs and Unisys communicated its reserved right to modify or terminate retiree medical benefits to all employees and retirees, including the Trial Plaintiffs, in SPDs and a number of other communications. The evidence will also show that Burroughs and Unisys routinely exercised this reserved right by modifying the medical benefits of retirees even after they retired, and that it was therefore not foreseeable that any of the Trial Plaintiffs would be confused about the issue of whether his or her benefits were subject to change.

**B.**     **There Is No Factual Or Legal Basis For The Trial Plaintiffs' Claims**

Since the District Court issued its June 24, 1994 decision rejecting the Sperry regular retirees' plan-based and estoppel claims under ERISA and reinstating their BOFD claims, counsel for the Trial Plaintiffs have repeatedly relied on a series of arguments that ignore the procedural posture of the case, distort the rulings of the District Court and the Third Circuit, and have no applicability to the claims of Burroughs regular retirees. Unisys expects some or all of these arguments to be raised, once again, during the October 17-31 2005 trial. These arguments include the following:

1.     The District Court has already held that Unisys breached its fiduciary duty in connection with its retiree medical benefit obligations.

2.     The SPDs in which Unisys and Burroughs unambiguously reserved their right to amend or terminate their medical benefit plans have no bearing on the BOFD claims of any Burroughs regular retirees, like the Trial Plaintiffs.

3.     Detrimental reliance or resulting harm can be presumed.

4.     Unisys has no viable statute of limitations defenses.

5.     Awarding the plaintiffs vested medical benefits and reimbursing them for any out-of-pocket medical expenses incurred since Unisys terminated its medical benefit plans in 1992 would be "appropriate equitable relief" under Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3).

None of these arguments has merit.  Indeed, the Third Circuit either expressly rejected or adopted reasoning that cannot be reconciled with these arguments in Unisys III.  Consequently, as discussed in further detail below, the Trial Plaintiffs have no factual or legal basis for pursuing these arguments against Unisys.

      **1.**      **There Has Been No Finding Of A Breach Of Fiduciary Duty In This Case.**

Counsel for the Trial Plaintiffs have insisted that the District Court has already held that Unisys and Burroughs breached a fiduciary duty in the manner in which they communicated with employees on retiree medical benefit issues.  In support of their position, they have relied on language used by the District Court and Third Circuit that applied solely to the claims of Sperry regular retirees and that arose in the context of its reconsidered decision to deny summary judgment to Unisys on such claims.[6]

In its decision in Unisys III, the Third Circuit expressly rejected any suggestion that the District Court had found that a BOFD had occurred.  Specifically, the Third Circuit stated:

> At times, the plaintiffs appear to read our opinion as, in effect, directing the entry of summary judgment in their favor on at least the voluntary decision to retire claims.  We do not so read the opinion, and the District Court did not so read it.  *At that point, Unisys had been provided with no opportunity to build a trial or summary judgment record in opposition to* Bixler *claims, and any ruling on the merits of those claims would have been inappropriate.*  On remand, the District Court noted that the breach of fiduciary duty claims had not been before it during the trial on the contract and estoppel claims and that, when reinstating those claims, it had made no determination that any plaintiff had proven his breach of fiduciary duty claim.  On the contrary, the District Court on remand quoted the following observations it had made at the time of reinstatement:  "[B]ecause some plaintiffs have stronger cases than others based on their specific inquiries and the information given to them

---

[6] Counsel for the Trial Plaintiffs have routinely taken language from Judge Cahn's June 24, 1994 trial opinion in Unisys (E.D. Pa.) I that related exclusively to the Sperry regular retirees, as well as from the Third Circuit's decision affirming the reinstatement of the Sperry regular retirees BOFD claims, and attempted to apply it to the very different set of circumstances of the Burroughs regular retirees.  See e.g., Trial Plaintiffs' Opp. to Motion in Limine at 17 n.7, 20.

> personally, the court finds that subclasses, and possibly even individual hearings, will be necessary to adjudicate these claims."

Unisys III, 242 F.3d at 507 n. 10 (citations omitted and emphasis added).

Notwithstanding this unequivocal language, counsel for the Trial Plaintiffs have persisted in their effort to convince the District Court that there has been some finding of BOFD against Unisys. Given the Third Circuit's pronouncement on the issue in Unisys III any such further attempts to distort earlier rulings in the class action phase of this litigation should be rejected.

> **2.     Unisys/Burroughs' Distribution of SPDs To Employees Both Before And After They Retired, Its Issuance Of Numerous Other Communications Describing Its Right To Amend Or Terminate Its Benefit Obligations, And Its History Of Modifying The Benefits Of Retirees Are Fatal To The Trial Plaintiffs' Claims**

Unisys and Burroughs distributed SPDs to employees both before and after they retired that described their retiree medical benefits and unambiguously reserved in the company the right to amend or terminate those benefits at any time. The company bolstered those publications with a series of written communications that repeated its reserved right to amend or terminate its benefit plans. Unisys and Burroughs then regularly exercised that right, modifying the medical benefits of retirees even after they retired.[7]

The Trial Plaintiffs' reaction to the Burroughs SPDs is to act as if they never existed, and to simply ignore their legal significance. As the Third Circuit stated in Unisys III, however, "Any determination of whether Unisys conveyed a message that was 'materially misleading' in this sense cannot simply ignore the existence of the SPD." Unisys III, 242 F.3d at 508. The

---

[7]        This is in contrast to the practice of Sperry, which typically modified retiree medical benefits only for those who had not yet retired. Moreover, the Sperry SPDs routinely used the term "lifetime" to describe retiree medical benefits, a term that was not used in Burroughs' SPDs. The Third Circuit found this distinction to be noteworthy when it affirmed the District Court's decision granting summary judgment to Unisys on the contract and estoppel claims of the Burroughs and Unisys regular retirees, observing that "the Unisys and Burroughs SPDs contained a reservation of rights clause with no apparently conflicting promise of lifetime benefits. . . "In re Unisys Corp. Retiree Med. Ben. ERISA Litig., No. 94-1912 (3d Cir. 1995) (attached as Exhibit A).

court then offered guidance to the District Court on how the issuance of the SPDs should be

taken into account:

> A judgment remains to be made as to whether a reasonable fiduciary in Unisys' position would have foreseen that its conduct towards the various plaintiffs would result in important decision making on their part based on a mistaken belief that they possessed guaranteed lifetime benefits.  In situations involving actual knowledge on the pat of Unisys that an employee was about to rely on such a misunderstanding, we agree with the District Court that the existence of the SPD is irrelevant.  In other situations, however, the fact that Unisys had distributed what purported to be an authoritative guide to benefits is one of the circumstances that must be considered in passing this judgment on its conduct.

Id. at 509.

The Trial Plaintiffs will simply not be able to prove that Unisys had "actual knowledge"

that any of them were about to retire based on a misunderstanding that their medical benefits

were vested.  Burroughs practice of issuing the SPDs, described in further detail below, is

therefore a critical consideration for this Court as it evaluates the merits of the Trial Plaintiffs'

claims.

> **a.** **The Burroughs Plan SPDs Unambiguously Advised Plan Participants That Their Retiree Medical Benefits Were Subject To Modification Or Termination**

At trial, Unisys will prove that as early as the 1970s, Burroughs provided the employees

at its southeastern Pennsylvania facilities and nationwide with SPDs that described the terms of

the Burroughs plan pursuant to which the company provided medical benefits to employees and

retirees.  Unisys will also establish that the company provided retirees with an additional SPD

describing the retiree medical benefits provided under the Burroughs plan.  There can be no

dispute that these SPDs contained clear and unambiguous language reserving the company's

right to modify or terminate retiree medical benefits at any time.  See Unisys I (E.D.Pa. I), 837

F.Supp. at 676-77 (holding that Burroughs "unambiguously reserved" the right to modify or

terminate the plan); In re Unisys Corp. Retiree Med. Ben. ERISA Litig., No 94-1912, p. 7 (3d

Cir. 1995) (holding that reservation of rights language in SPDs was "not ambiguous") (attached

as Exhibit A).  In fact, the Burroughs SPDs in effect between 1987 and April 1989 (during which

period each of the Trial Plaintiffs retired) contained the following reservation of rights clause:

> **While Burroughs does not presently plan to do so, it necessarily reserves the right to terminate or modify the plan at any time, which will result in the termination or modification of your coverage.**

Id.  (emphasis added).  In addition, as the District Court already has held, Burroughs did **not** act

with an intent to conceal its reserved right to terminate retiree medical benefits.  See Unisys

(E.D.Pa. IV), 957 F. Supp. at 636 ("It would be odd indeed to characterize the facts of this case

as constituting fraud or concealment when the reservation of rights clause was included in the

SPD, the very instrument designed by Congress for communicating the essential terms of a plan

to participants.").

Significantly, the disclosure of the company's reserved right to modify or terminate the

Burroughs plan far exceeded the requirements set forth in the applicable Department of Labor

("DOL") regulation in effect at the time those SPDs were promulgated.  In fact, it was not until

January 20, 2001 that the DOL issued the regulation that requires an SPD to "include a summary

of any plan provisions governing the authority of the plan sponsors or others to terminate the

plan or amend or eliminate benefits under the plan, and the circumstances, if any, under which

the plan may be terminated or benefits may be amended or eliminated."  See 29 C.F.R. 2520-

103-3(l); see also 65 F.R. 70225 (announcing inclusion of this disclosure requirement effective

January 20, 2001).

"Congress . . .  envisioned that a fiduciary could discharge its obligations through the use

of an explanatory booklet, provided that the booklet adequately explained the Plan and the bases

for disqualification." <u>Allen v. Atlantic Richfield Retirement Plan</u>, 480 F. Supp. 848 (E.D. Pa.

1979), <u>aff'd</u>, 633 F.2d 209 (3d Cir. 1980).  <u>See</u> <u>also</u> <u>Local 56, United Food and Comm. Workers</u>

<u>Union v. Campbell Soup Co.</u>, 898 F. Supp. 1118, 1130 (D.N.J. 1995) ("The importance of

[summary plan descriptions] stems from their role in the ERISA scheme as the *primary*

informational document issued to plan beneficiaries to inform them of their rights and

obligations under a plan.") (emphasis added).  Accordingly, once the Court properly determines

that Unisys satisfied the statutory and regulatory disclosure requirements, all participants,

including the Trial Plaintiffs, should be charged with knowledge of the contents of the SPDs,

including the reservation of rights clause.

> **b.      Even In The Event That The Court Looks Beyond The SPDs, Unisys And Burroughs Adequately Disclosed Their Right To Modify Or Terminate The Burroughs Plan In Other Employee And Participant Communications**

Consistent with the clear reservation of rights language in the Burroughs SPDs,

Burroughs consistently provided communication to employees and retirees that reminded them

that it could modify or terminate the Burroughs plan.  Thus, even if the Court were to conclude

that it was necessary for Burroughs to go beyond the SPDs in disclosing its right to modify or

terminate the Burroughs plan, these additional documents plainly would satisfy any reasonable

disclosure obligation.

For example, Burroughs distributed to its employees on an annual basis a personal

summary of employee benefits.  Under the heading "Retirement Benefits," Burroughs included a

personalized accounting of estimated monthly income available to an employee under the

Company's Retirement Income Plan.  In that same section, the statement included a sub-heading

entitled "Additional Retiree Benefits," wherein the company stated:

> Retirees and their eligible dependents may be entitled to medical benefits under the Company medical plan.  **Currently**, there is no cost for retirees or their spouses if both are age 65 or older. Retirees and spouses under age 65 contribute toward the cost of this insurance coverage.

(emphasis added).  In addition to describing the cost of coverage as that which is being offered "currently," Burroughs expressly reserved its right to terminate the plan in the same exact manner as it had done in its SPDs, stating in no uncertain terms as follows:

> **Although the Company intends to continue the plans described in this statement indefinitely, it cannot guarantee to do so, and necessarily reserves the right to amend or terminate them at any time.**

(emphasis added).

Moreover, at retirement, each Trial Plaintiff was required to fill out one of two forms of enrollment cards in order to participate in the Burroughs plan as a retiree.  The Group Insurance Enrollment Card stated, directly above the signature line, "I hereby authorize Burroughs to deduct from my pension the amount **as may from time to time be determined** and required to apply toward the premiums for the group insurance coverage for which enrolled."  (emphasis added).  The Unisys Post-Retirement Enrollment/Change form stated, again, directly above the signature line, "I hereby authorize Unisys to withhold from my pension checks **any contributions which may be required under the Post-Retirement Medical plan** for the coverages I have elected above.  If I am not receiving pension checks, I agree to make quarterly payments to Unisys **for any contributions which may be required under the Post-Retirement Medical Plan.**"  (emphasis added).

Similarly, upon retirement, the Trial Plaintiffs were also required to fill out a form advising them of their right to continuing medical coverage pursuant to the Consolidated

Omnibus Budget Reconciliation Act ("COBRA").  One such form advised employees as follows: "**End of Plan–While the company does not presently intend to do so, it necessarily reserves the right to terminate its health plans at any time, which would result in the termination of any continued coverage.**" (emphasis added).  The other COBRA form likewise advised employees that continuing coverage would end when "**Unisys discontinues providing any group health plan.**" (emphasis added).

In addition to providing documents such as those set forth above that explicitly reminded employees and retirees about their right to modify or terminate retiree medical benefits, Burroughs and Unisys also routinely sent out communications to those groups of individuals advising them about modifications to the Burroughs plan.  Such communications would have alerted any reasonable plan participant about Unisys' right to modify or terminate retiree medical benefits.

For example, on October 1, 1983, Burroughs implemented significant cost containment measures that applied to recipients of retiree medical benefits.  Among the changes that Burroughs made were the following:  (1) a reduction in the level of payment for outpatient diagnostic X-rays and laboratory tests from 100% to 80%; (2) an increase in the individual (from $100 to $150) and family (from $200 to $300) annual deductibles; (3) the addition of hospital room and board as items subject to a deductible before benefits became payable; and (4) the exclusion of the $3 co-payment for drugs from satisfying the annual deductible.

Burroughs made another modification to the Burroughs plan effective July 1, 1984 that constituted a sea change in the manner in which it provided benefits to retirees.  Specifically, Burroughs instituted a premium payment obligation for retirees under age 65 in the amount of $20 per month.

Moreover, effective July 1, 1985, Burroughs announced additional significant changes to its medical plans that affected both employees and retirees.  Those changes were designed to impose managed care requirements upon what traditionally had been a straight-forward indemnity insurance plan.  They included the following cost-containment measures:  (1) anyone not covered by Medicare was required to contact a third-party administrator for certification prior to a hospitalization; (2) a new lifetime maximum was established for inpatient mental health care and the treatment of alcoholism or chemical dependency; and (3) a maximum of 50 outpatient psychiatric visits per year was instituted.

Unisys will submit evidence that Burroughs routinely gave written notice of these and other similar changes to employees in its southeastern Pennsylvania facilities and to its retirees. When considered in conjunction with the SPDs and other communications that Unisys and Burroughs regularly provided to employees and retirees, this evidence belies any suggestion that the company's disclosure of its right to modify its retiree medical benefit plans was somehow inadequate.

> **3.      The Trial Plaintiffs Must Prove Detrimental Reliance And Resulting Harm**

At several junctures in this case, counsel for the Trial Plaintiffs have argued that detrimental reliance on a misrepresentation or resulting harm from an inadequate disclosure or omission can be presumed.  This is plainly at odds, however, with the governing case law, including the Third Circuit's decision in Unisys III.  To prevail on a claim for fiduciary misrepresentation or omission, each Trial Plaintiff must prove causation, i.e., that he or she relied upon the claimed misrepresentation or omission to his or her detriment.  See, e.g., Daniels v. Thomas & Betts Corp., 263 F.3d 66, 73 (3d Cir. 2001); Burstein v. Retirement Acct. Plan for Employees of Allegheny Health Educ. and Research Foundation, 334 F.3d 365 (3d Cir. 2003).

19

In other words, each Trial Plaintiff must demonstrate that, armed with the information he or she claims was improperly withheld, he or she would have behaved differently.  Moreover, each must demonstrate that the manner in which he or she allegedly relied upon his or her mistaken belief about his or her retiree medical benefits was "reasonably foreseeable" to a reasonable fiduciary **in Unisys' position**.  Unisys III, 242 F.3d at 510, (noting the court's "insistence on reasonable foreseeability as a prerequisite to legal responsibility . . .").

Where, as here, a participant already has actual knowledge of the information that he or she claims a fiduciary failed to disclose as the result of the issuance of SPDs and other communications, there can be no reasonable detrimental reliance, and, therefore, no claim for BOFD.  At a minimum, in the face of the frequent disclosures by Burroughs and Unisys regarding the company's right to modify or terminate retiree medical benefits, an employee's reliance upon a mistaken belief about that right was neither reasonable nor foreseeable.

### 4. The Trial Plaintiffs' Claims Are Barred By The Three Year Statute Of Limitations Under Section 413 of ERISA

ERISA Section 413 provides in relevant part:

No action may be commenced under this title with respect to a fiduciary's breach of any responsibility, duty, or obligation ... after ... (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;

29 U.S.C. § 1113.  The Third Circuit has interpreted the phrase "actual knowledge" to require plaintiffs to have "knowledge of all relevant facts at least sufficient to give [them] knowledge that a fiduciary duty ha[d] been breached or ERISA provision violated."  Kurz v. Philadelphia Elec. Co., 96 F.3d 1544, 1551 (3d Cir. 1996) (citations omitted).

The evidence will show that well in advance of three years before the filing of the first Complaint purporting to assert claims on their behalf, the Trial Plaintiffs had actual knowledge of facts at least sufficient to give them knowledge that an alleged breach had occurred.  As set

forth above, Unisys will prove that, like all employees, each of the Trial Plaintiffs received an

SPD with the relevant reservation of rights clause shortly after their retirement.  That document

supplemented the SPD they had received as active employees and similarly advised them that

Burroughs could modify or terminate the Burroughs plan at any time.  To the extent that the Trial

Plaintiffs claim either to have been confused about Burroughs' right to modify retiree medical

benefits or to have been misinformed that Burroughs could not do so at the time of retirement,

their receipt of the retiree SPD following retirement should have made "all the material elements

of a breach of fiduciary duty . . . 'patently obvious.'" Kurz, 96 F.3d at 1551.  Unlike other cases,

the alleged breach here does not implicate a "technical violation of ERISA, nor a cleverly

concealed plan amendment." Id.  Burroughs and Unisys openly announced that its reserved right

to modify or terminate retiree medical benefits to each and every employee and retiree.  As such,

the Trial Plaintiffs' BOFD claims are time barred by the applicable three year statute of

limitations under Section 413 of ERISA.

### 5. The Trial Plaintiffs Are Not Entitled To Any Of The Remedies They Seek

In their lengthy Prayer for Relief, the Trial Plaintiffs seek:

> . . . relief to redress defendant's fiduciary violation and to enforce ERISA'S strict
> fiduciary provisions, including (1) enjoining defendant to restore the benefits that
> were applicable to each plaintiff under the Plan before the company terminated
> the plan; (2) ordering a reformation of the Plan to eliminate and declare invalid
> any provision purporting to reserve an employer right to modify or terminate the
> Plan with respect to participants who had begun to receive benefits under the
> Plan, such as plaintiffs; (3) enjoining defendant to reinstate the Plan as so
> reformed; and (4) ordering defendant to make restitution to each plaintiff in an
> amount equal to the greater of (a) the financial burden and detriments which
> defendant shifted to each plaintiff, including medical plan premiums and other
> increased cost obligations under the company's replacement medical plan and/or
> other sources of medical coverage used by each plaintiff, as well as lost salary,
> pension accruals and other benefits lost due to employees' decisions to stop
> working and/or commence their pensions on dates which were earlier than would
> have occurred in the absence of the violation, and (b) the amount of financial
> advantages gained by defendant as a result of its violation, including costs

collected from each plaintiff under the company's replacement plan or otherwise
avoided or shifted to each plaintiff, as well as the costs of salary, pension accruals
and other benefits avoided by the company due to employees' decisions to stop
working and/or commence their pensions on dates which were earlier than would
have occurred in the absence of the violation.

(See Adair Amended Complaint pp. 10-11).

The Trial Plaintiffs assert their BOFD claims for relief under ERISA Section 502(a)(3),

29 U.S.C. § 1132(a)(3).  That section, however, does not provide for the above remedies.  In fact,

it states that a civil action may only be brought –

> (A) to enjoin any act or practice which violates any provision of
> [ERISA] or the terms of the plan, or (B) to obtain **other**
> **appropriate equitable relief** (i) to redress such violations or (ii) to
> enforce any provisions of [ERISA] or the terms of the plan.

(emphasis added).

In determining whether relief sought under ERISA is legal or equitable, a court is

required to examine the basis for the plaintiff's claim and the nature of the underlying remedies

sought.  Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 213 (2002). "Almost

invariably, . . . suits seeking (whether by judgment, injunction, or declaration) to compel the

defendant to pay a sum of money to the plaintiff are suits for 'money damages,' as that phrase

has traditionally been applied, since they seek no more than compensation for loss resulting from

the defendant's breach of legal duty."  Id. at 210 (quoting Bowen v. Mass., 487 U.S. 879, 918-19

(1988)).  As the Third Circuit noted in Unisys III (decided a year before Great-West), "We also

note that the District Court has not yet addressed what equitable remedies may be available to

members of the class.  Common law damages are not recoverable under ERISA for a breach of

fiduciary duty, and this fact may also limit Unisys' exposure."  Unisys III, 242 F.3d at 510.

In Paragraph (B)(4) of the prayer for relief, the Trial Plaintiff's purport to seek what they

label "restitution."  The Supreme Court in Great-West, however, held that the type of equitable

"relief falling under the rubric of restitution" is very limited.  534 U.S. at 212.  The Court held

that equitable – as opposed to legal – restitution is available only:

> where money or property identified as belonging in good
> conscience to the plaintiff could clearly be traced to particular
> funds or property in the defendant's possession . . . .  But where the
> property sought to be recovered or its proceeds have been
> dissipated, so that no product remains, the plaintiff's claim is only
> that of a general creditor and the plaintiff cannot enforce a
> constructive trust of or an equitable lien upon other property of the
> defendant.

534 U.S. at 213.  In short, a plaintiff must show an identifiable exact amount that has been

"taken" from the plaintiff, or traceable proceeds thereof, in order for a court to be able to enter an

order in equitable restitution.  The evidence will show that the Trial Plaintiffs fall far short of

being able to identify, any "particular funds or property" that were "taken" by Unisys and are

now "traceable" or "in the [Unisys'] possession."  Id.  Rather, the Trial Plaintiffs seek (1) an

enhancement on the medical benefits they would have received absent the alleged breaches of

fiduciary duty (i.e. they seek damages that presume they were entitled to vested medical benefits,

which the Third Circuit has held they were not); and (2) legal damages associated with the out-

of-pocket expenses that they claim they suffered as a result of Unisys exercising its legal right to

terminate the Burroughs plan.  In effect, the Trial Plaintiffs are seeking an injunction to compel

the payment of additional monies, which is nothing more than money damages in disguise.  See,

e.g., Caffey v. UNUM Life Ins. Co., 302 F.3d 576, 583 (6th Cir. 2002) (plaintiff's claim for

restoration of lost health and life insurance benefits was not appropriate equitable relief because

it was based upon consequential losses she experienced due to carrier's failure to perform under

plan); cf. Calhoon v. TWA, 400 F.3d 593 (8th Cir. 2005) (declining to reimburse plaintiff for

out-of-pocket medical expenses to which he would have been entitled had the fiduciary correctly

processed his application and holding there was no remedy).  Such relief is precluded by Great-

West.

The damages sought in Paragraph B(1), (2) and (3) – all of which essentially seek to have the Burroughs plan reformed so that the Trial Plaintiffs can participate in that plan – also are not cognizable under Section 502(a)(3).  In fact, these alleged damages bear no nexus to the alleged breach of fiduciary duty.  The Third Circuit has already determined that Unisys had the legal right to modify or terminate the Trial Plaintiffs benefits at any time.  See In re Unisys Corp. Retiree Med. Ben. ERISA Litig., No 94-1912, slip op. at 5-6 (3d Cir. 1995) (attached as Exhibit A).  Even accepting as true the Trial Plaintiffs allegations that they were confused about this point, **nothing that they could have done would have entitled them to vested and unchanging retiree medical benefits**.  There is no justifiable reason to provide it to them now. See, e.g., Ranke v. Sanofi-Synthelabo, Inc., No. 04-1618, 2004 WL 2473282 (E.D. Pa. Nov. 3, 2004) ("Plaintiffs, while not alleging that they are entitled to benefits under the terms of the current plans, claim that they are entitled to these benefits because they suffered harm from reliance on Defendant's misrepresentations.  This form of relief appears to be within the scope of non-equitable money damages defined by the Supreme Court as 'compensation for loss resulting from the defendant's beach of legal duty.'")(citing Great-West, 543 U.S. at 210).

Moreover, the damages sought in Paragraph B(1), (2) and (3) are nothing more than a variation of the Trial Plaintiff's Section 502(a)(1)(B) claim for benefits.  As noted above, the Third Circuit affirmed Judge Cahn's dismissal of that claim in 1995.  See In re Unisys Corp. Retiree Med. Ben. ERISA Litig., No 94-1912, at 3-7.  The Trial Plaintiffs cannot now seek a second bite at the apple.  As the Supreme Court stated in Varity Corp. v. Howe, 516 U.S. 489, 511 (1996), Section 502(a)(3) is a "catchall" provision, permitting "appropriate equitable relief for injuries caused by violations that [Section] 502 does not elsewhere adequately remedy."

Where an alleged breach of fiduciary duty relates, as it does in this case, to "the interpretation of plan documents and the payment of claims," ERISA Section 502(a)(1)(B) already provides a remedy "that runs directly to the injured beneficiary," and consequently a remedy under ERISA Section 502(a)(3) is not "appropriate."  Id.

The Courts of Appeals have interpreted Varity Corp. as precluding claims for equitable relief under ERISA Section 502(a)(3) when there is or was a claim for benefits available under ERISA Section 502(a)(1)(B).  See e.g., Geissal v. Moore Med. Corp., 338 F.3d 926, 933 (8th Cir. 2003), cert. denied, 540 U.S. 1181 (2004) (holding that it was not "appropriate" equitable relief to recover benefits due under Section 502(a)(3) when the estate is provided an adequate remedy for a claim for benefits under Section 502(a)(1)(B)); Mauser v. Raytheon Co. Pension Plan for Salaried Employees, 239 F.3d 51, 58 (1st Cir. 2001) ("The Supreme Court has thus limited the applicability of an individual claim for breach of fiduciary duty to those participants who are unable to avail themselves of other remedies").  Courts within the Eastern District of Pennsylvania have also endorsed this principle.  See Thomas v. SmithKline Beecham Corp., 297 F.Supp.2d 773, 795-96 (E.D. Pa. 2003) (dismissing plaintiffs' fiduciary duty claim under Section 502(a)(3) where plaintiffs also asserted a claim for benefits under Section 502(a)(1)(B)); Feret v. CoreStates Fin. Corp., No. 97-6759, 1998 WL 426560, at *5 (E.D. Pa. Jul. 27, 1998) (dismissing Section 502(a)(3) claim under Rule 12(b)(6) where plaintiffs were already seeking relief under Section 502(a)(1)(B)); Kuestner v. Health & Welfare Fund & Pension Fund of Phila. Bakery Employers, 972 F. Supp. 905, 910-11 (E.D. Pa. 1997) (granting motion to dismiss Section 502(a)(3) claim because "plaintiffs have available a remedy other than that provided by § 502(a)(3), and they have sought such relief – a declaratory judgment under § 502(a)(1)(B)").

Moreover, the fact that the Trial Plaintiffs did not prevail on their ERISA Section

502(a)(1)(B) claim does not save their breach of fiduciary duty claim for benefits under ERISA Section 502(a)(3).  See Ogden v. Blue Bell Creameries U.S.A., Inc., 348 F.3d 1284, 1287 (11th Cir. 2003) ("an ERISA plaintiff could not state a valid claim for equitable relief [under Section 502(a)(3)] when Section 502(a)(1)(B) afforded her with an adequate remedy, even though her Section 502(a)(1)(B) claim was subsequently lost on the merits" (internal citations omitted); "the availability of relief under Section 502(a)(3) is in no way dependent on the success or failure of the Section 502(a)(1)(B) claim"); Olson v. Avondale Indus., Inc., 141 F.3d 604, 610 (5th Cir. 1998) (affirming trial court's holding that plaintiff's failure to prevail on his Section 502(a)(1)(B) claim did not make his alternative claim under Section 502(a)(3) viable).  In short, the Trial Plaintiffs have already litigated and lost their claims for benefits.  They cannot now seek to re-litigate those claims under the guise of the "other appropriate equitable relief" available under ERISA Section 502(a)(3).

## III.   WITNESS LIST

Pursuant to the Parties' Joint Stipulation, Unisys served its Initial Designation of Trial Witnesses on the Trial Plaintiffs on September 8, 2005.  A copy of that Witness List is attached hereto as Exhibit C.

## IV.   TRIAL EXHIBITS

Pursuant to the Parties' Joint Stipulation, Unisys served its Initial Designation of Trial Exhibits on the Trial Plaintiffs on September 8, 2005, and revised that list on September 15, 2005.  In response to Plaintiffs' Motion in Limine, Unisys took the unnecessary step of supplementing its Exhibit List on September 23, 2005.  A copy of that supplemental Witness List is attached hereto as Exhibit D.

## V.   **<u>LENGTH OF TRIAL</u>**

This matter is currently scheduled for a two-week trial beginning October 17, 2005.

Respectfully submitted,

<u>      s/ William J. Delany      </u>
Joseph J. Costello
William J. Delany
Paul C. Evans
Kimberly J. Gost
**MORGAN, LEWIS & BOCKIUS, LLP**
1701 Market Street
Philadelphia, PA  19103
(215) 963-5295/5066/5431

JOSEPH A. TEKLITS
Unisys Corporation
Unisys Way
MS E8-114
Blue Bell, Pennsylvania 19424

Counsel for Defendant
Unisys Corporation

Dated:  September 27, 2005

## **CERTIFICATE OF SERVICE**

I, Kimberly J. Gost, hereby certify that a true and correct copy of the foregoing

Defendant Unisys Corporation's Pretrial Memorandum were served this 27th day of September,

2005, electronically and via hand delivery upon the following:

Alan Sandals, Esquire
Sandals & Associates
One South Broad Street
Suite 1850
Philadelphia, PA  19107
Attorney for Plaintiffs

  /s Kimberly J. Gost                          
Kimberly J. Gost

September 27, 2005

**EXHIBIT A**

Source: All Sources : Combined Federal & State Case Law - U.S. : All Courts - By Circuit : Federal and State Cases -
3rd Circuit ❶
Terms: 94-1912 (Edit Search)

*61 F.3d 896; 1995 U.S. App. LEXIS 16019, \**

IN RE: UNISYS CORP. RETIREE MEDICAL BENEFIT "ERISA" LITIGATION, * Robert T. Dreegar; Ronald R. Bennett; Kenyon Bement; Donald Wagner; Lucius Browne; Donald Fabry; Thomas Durkin; Bernard Hart; Herman Hein; Donald L. Thompson; Jim M. Eaves, individually and on behalf of all members of the Burroughs Class and Unisys Class previously certified by the Court who were not participants in special early retirement incentive programs and their eligible spouses and dependents (referred to by the Court as "Burroughs and Unisys non-VERIP plaintiffs"), Appellants

\* (Pursuant to F.R.A.P. Rule 12(a))

No. **94-1912**

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

61 F.3d 896; 1995 U.S. App. LEXIS 16019

May 4, 1995, Argued
June 28, 1995, Filed

**NOTICE:  [\*1]**

RULES OF THE THIRD CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**PRIOR HISTORY:** Appeal from the United States District Court for the Eastern District of Pennsylvania. (D.C. Civil No. MDL 969). District Judge: Honorable Edward N. Cahn.

**JUDGES:** Before: Mansmann, Scirica and McKee, Circuit Judges.

**OPINION:** Affirmed.

Source: All Sources : Combined Federal & State Case Law - U.S. : All Courts - By Circuit : Federal and State Cases
- 3rd Circuit ❶
Terms: 94-1912 (Edit Search)
View: Full
Date/Time: Thursday, January 25, 2001 - 11:22 AM EST

About LEXIS-NEXIS | Terms and Conditions

Copyright © 2001 LEXIS-NEXIS Group.  All rights reserved.

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 94-1912

IN RE:  UNISYS CORP. RETIREE MEDICAL BENEFIT
"ERISA" LITIGATION

*Robert T. Dreegar; Ronald R. Bennett; Kenyon Bement;
Donald Wagner; Lucius Browne; Donald Fabry; Thomas
Durkin; Bernard Hart; Herman Hein; Donald L. Thompson;
Jim M. Eaves, individually and on behalf of all members
of the Burroughs Class and Unisys Class previously
certified by the Court who were not participants in
special early retirement incentive programs and·their
eligible spouses and dependents (referred to by the
Court as "Burroughs and Unisys non-VERIP plaintiffs"),

Appellants

*(Pursuant to F.R.A.P. Rule 12(a))

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. MDL 969)
District Judge: Honorable Edward N. Cahn

Argued
May 4, 1995
Before:  Mansmann, Scirica and McKee, <u>Circuit Judges</u>.

(Filed JUN 2 8 1995, 1995)

MEMORANDUM OPINION OF THE COURT

MANSMANN, <u>Circuit Judge</u>.

This appeal, like its companion appeals in Nos.
94-1800, 94-1801 and 94-1875, arises out of Unisys' decision to
terminate the retiree medical benefit plans under which it had
previously provided coverage, and to replace those plans with a

new plan under which Unisys would eventually shift the entire cost of providing medical benefit coverage to the plan's participants, the retirees.  The appellants here, former Unisys or Burroughs employees (and their eligible spouses and dependents) who were receiving retiree medical benefits from the Burroughs Plans or Unisys Plan at the time of the company's action to terminate these plans, have appealed the district court's grant of summary judgment, in Unisys' favor, on the retirees' claims that Unisys had denied them vested benefits in violation of ERISA.  On appeal to us, these retirees allege that the district court erred, as a matter of law, in holding that the Burroughs and Unisys Plans were unambiguous and erred in holding that the retirees could not establish their claim for medical benefits on equitable estoppel grounds.[1]

Because the historical facts, which are not in dispute, have already been recited extensively, both in the district court's opinion granting summary judgment, see In re Unisys, 837 F. Supp. 670 (E.D. Pa. 1993), and in our own opinions in the appeals docketed at Nos. 94-1800 and 94-1875, we do not reiterate these facts here.  Rather, we turn to the issues raised on appeal

---

1.          The retirees have also appealed from the district court's May 26, 1993 order striking their demand for a jury trial.  We need not address this issue given our disposition of the ambiguity issue.

and discuss the facts insofar as they relate and pertain to our analysis of these issues.[2]

## I.

In this case, as in all of the other consolidated appeals, Unisys maintained that it had an inherent right to terminate the retirees' medical benefit plans based on unambiguous reservation of rights language in the official plan documents. The 1988 summary plan description for the Unisys Post-Retirement and Extended Disability Medical Plan, which applied to all class members who retired after April 1, 1989, contained the following provision:

> Unisys expects to continue the plans described in this booklet, but necessarily <u>reserves the right to change or end them at any time</u>. The Company's decision to change or end the plans may be due to changes in federal or state laws governing welfare benefits, the requirements of the Internal Revenue Code or ERISA, the provisions of a contract or a policy involving an insurance company <u>or any other reason</u>.

(Emphasis added) (A 360).[3]  Similarly, the SPD for the 1985

---

2.        The district court had jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(f).  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise plenary review over the district court's grant of summary judgment.  <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 248 (1986); <u>Bixler v. Central Penna. Teamsters Health and Welfare Fund</u>, 12 F.3d 1292, 1297-8 (3d Cir. 1993).

3.        The retirees make a belated attempt to raise a factual question as to what constituted the Unisys SPD.  The retirees assert that the district court refused to consider evidence as to whether the documents in which the Unisys reservation clauses appeared even applied to retirees.  They argue that the court, (continued...)

version of the Burroughs' retiree medical benefit plan contained
the following reservation of rights clause:

> While Burroughs does not presently plan to do
> so, it necessarily <u>reserves the right to
> terminate or modify the plan at any time,</u>
> which will result in the termination or
> modification of your coverage.

(Emphasis added) (A 758).[4]

---

3.   (...continued)
"without comment accepted a clause appearing in a 1988 booklet
describing a variety of benefit plans for <u>active</u> employees as
applicable to the medical plan for retired employees which was
not created until 1989."

    The district court's decision did not acknowledge the
existence of a factual question regarding whether this SPD
applied to the retiree plan.  <u>In re Unisys</u>, 837 F. Supp. at 675-
76.  Nonetheless, we find that there is no genuine issue of
material fact as to what constituted the applicable Unisys SPD,
as the Summary of Plan Provisions of the Unisys Post-Retirement
and Extended Disability Medical Plan expressly incorporated the
1988 Unisys SPD set forth above.

4.      On June 30, 1993, while discovery was ongoing, Unisys
filed a motion for summary judgment seeking entry of judgment
against all the Sperry, Burroughs and Unisys retirees other than
those who retired pursuant to special incentive early retirement
offerings.  In this motion, Unisys argued that summary plan
description booklets, on their face, established that the company
had unambiguously reserved a right to amend or terminate the
medical plans during a participant's retirement.  The retirees
argued that the reservation clauses did not apply to already-
retired employees and on July 8, 1993, counter-moved pursuant to
Rule 56(f) for an order refusing or continuing Unisys' motion
pending the completion of further discovery.  The retirees' Rule
56(f) motion was supported by the affidavit of plaintiffs'
counsel, attesting to the incomplete state of discovery and the
type of evidence likely to emerge from that discovery.  (A 1142).

    On October 13, 1993, the district court rendered its
decision on Unisys' motion for summary judgment.  With respect to
the Burroughs and Unisys regular retirees, the court held that
there were no genuine disputes as to any material fact, and that
the reservation of rights clauses in the documents presented by
Unisys, on their face, were unambiguous and not susceptible to
any alternate interpretation.  Because the district court found
                          (continued...)

We find that these reservation of rights clauses are not ambiguous and cannot be read, as the retirees suggest, to apply only to active employees.  Although the retirees submitted affidavits from class members stating that, based on past practice and course of conduct, they understood there to be a "lock-in" policy under which changes in medical benefit coverage could only affect active employees and not employees who had already retired, resort to this extrinsic evidence was not warranted[5] because the clauses are not ambiguous, and on their

_____

4.  (...continued)
that it was not possible to interpret the clauses relied upon by Unisys in any manner other than that alleged by the company, the court declined to consider any extrinsic evidence to contradict the written terms of the summary plan description.  The court denied plaintiffs' Rule 56(f) request to continue the summary judgment motion pending the completion of discovery, concluding that further discovery was unnecessary because "none of this material . . . would change the court's analysis of the threshold legal question."  837 F. Supp. at 673.

         The Burroughs and Unisys retirees' assertion that the district court erred in denying their motion under Rule 56(f) is without merit.  Due to the fact that all of the SPDs upon which Unisys relied in seeking summary judgment had been produced in the course of discovery prior to the district court's decision on summary judgment and because additional discovery would not have precluded summary judgment, we find that the district court did not abuse its discretion in denying the retirees' motion pursuant to Fed. R. Civ. P. 56(f).  See, e.g., Lunderstadt v. Colafella, 885 F.2d 66 (3d Cir. 1989); United States v. 225 Cartons More or Less of an Article or Drug, 871 F.2d 409, 420 (3d Cir. 1989) (holding Rule 56(f) motion had been properly denied where discovery was immaterial as a matter of law).

5.         The district court held that if the retirees' interpretations of the reservation of rights clauses were plausible, the court would be obliged to consider this evidence. In addressing the legal question of whether the Burroughs and Unisys SPDs were ambiguous, the district court concluded that the alternative interpretations of the summary plan descriptions suggested by the regular retirees -- that the reservation of
                                                    (continued...)

5

face do not distinguish between active employees and retirees. Moreover, since the Unisys and Burroughs SPDs contained a reservation of rights clause with no apparently conflicting promise of lifetime benefits, we hold that the district court did not err in finding that the alternative interpretation of the retirees was not sufficiently plausible to allow extrinsic evidence to alter the clear meaning of the text of the plans.[6]

ERISA requires that "[e]very employee benefit plan shall be established and maintained pursuant to a written instrument." 29 U.S.C. § 1102(a)(1); Hozier v. Midwest Fasteners, Inc., 908 F.2d 1155, 1163 (3d Cir. 1990). ERISA's framework ensures that employee benefit plans be governed by

_____

5.   (...continued)
rights in the summary plan descriptions only applied to active employees or permitted only those changes required by law -- were unreasonable.  In re Unisys, 837 F. Supp. at 675-77.

6.      The regular retirees also complained that the district court "ruled that it would not consider other language appearing in the documents relied upon by Unisys because the word 'lifetime' did not appear elsewhere in the documents, as it did in the SPDs applicable to the Sperry retirees." (Appellants' Brief at 36).  See 837 F. Supp. at 674-75 and n.5.  This assertion is without merit.  The district court did not refuse to consider other plan language in the SPDs; it refused to analyze evidence of the "corporate culture" of Unisys, Burroughs and Sperry as reflected in evidence extrinsic to the SPDs.  Id. at 675 n.5.  The district court, in focusing its discussion of the Burroughs and Unisys SPDs on the reservation of rights clauses, observed, that in contrast to the Sperry regular retirees, the Burroughs and Unisys regular retirees "failed to point to any other language in the SPDs that would have even arguably created an ambiguity."  The court, confining its analysis to the written documents, observed that the Burroughs and Unisys retirees could not avail themselves of the alternative argument advanced by Sperry retirees that the presence of lifetime language in the Sperry SPDs rendered the plans internally inconsistent, because the Unisys and Burroughs plan documents did not discuss lifetime benefits.  837 F. Supp. at 675 n.5.

written documents and summary plan descriptions which are the
statutorily established means of informing participants and
beneficiaries of the terms of their plans and its benefits. 29
U.S.C. §§ 1022(a) and 1102. Because Congress intended that plan
documents and SPDs exclusively govern an employee's obligations
with respect to an ERISA plan, we have established a policy
disfavoring informal plan amendments. See Hozier, supra; Confer
v. Custom Engineering Co., 952 F.2d 41, 43 (3d Cir. 1991);
Schoonejongen v. Curtiss-Wright Corp., 18 F.3d 1034, 1040 (3d
Cir. 1994), rev'd and remand on other grounds, ___ U.S. ___, 115
S. Ct. 1223 (1995). Thus, while the retirees proffered extrinsic
evidence of informal communications (human resource bulletins,
newsletters and internal memoranda), this evidence cannot be
relied upon to alter or contradict the unambiguous reservation of
rights clauses in the Unisys and Burroughs SPDs. Accordingly,
the district court did not err in refusing to analyze the
retirees' extrinsic evidence in support of their interpretation
of the reservation of rights clauses which contradicted the
clauses' broad and unequivocal terms.


                              II.

     The district court also granted summary judgment in
favor of Unisys on the estoppel claims of all of the regular
retirees. In re Unisys, 837 F. Supp at 680-81. The Unisys and

                               7

Burroughs retirees contend that the district court erred in holding that these estoppel claims failed as a matter of law.[7]

We have held that to recover benefits under an equitable estoppel theory an ERISA beneficiary must demonstrate a material misrepresentation, reasonable and detrimental reliance upon the misrepresentation and extraordinary circumstances. Curcio v. John Hancock Life Insurance Co., 33 F.3d 226 (3d Cir. 1994); Smith v. Hartford Insurance Group, 6 F.3d 131 (3d Cir. 1993).[8] Since we have concluded that the plans unambiguously

---

7.      On July 26, 1994, following the district court's post-trial decision on the contract claims of the Sperry retirees, the Sperry regular retirees moved for reconsideration of the district court's summary judgment ruling on their estoppel claim and on their claim for breach of fiduciary duty.  The district court granted this motion with respect to the Sperry retirees' claims for breach of fiduciary duty in light of our decision in Bixler v. Central Penna. Teamsters Health and Welfare Fund, 12 F.3d 1292 (3d Cir. 1993).  The district court ruled that it would hold the Unisys and Burroughs retirees' motion for reconsideration of their breach of fiduciary claim in abeyance pending our decision on interlocutory appeal on the related claim of the Sperry retirees in No. 94-1875.


8.      The district court concluded that the estoppel claims of the regular retirees failed as a matter of law because given the unambiguous SPDs, the regular retirees could not demonstrate plan ambiguity, reasonable detrimental reliance or extraordinary circumstances.  The district court found that "there are no substantiated allegations of fraud or bad faith on Unisys' part." However, in our recent decisions in Curcio v. John Hancock Mutual Life Insurance Co., 33 F.3d 226 (3d Cir. 1994) and Smith v. Hartford Insurance Group, 6 F.3d 131 (3d Cir. 1993), of which the district court did not have the benefit, we did not require fraud or bad faith as an element of an estoppel claim.

        The district court also found, "Furthermore, estoppel claims are available only when plan documents are adjudged ambiguous." (citing Alday v. Container Corp. of America, 906 F.2d at 666, (11th Cir. 1990).  While in Curcio, supra, and Smith, supra, we did not require an express finding of plan
                                                        (continued...)

8

reserved the company's right to terminate its retiree medical benefit plans, the retirees cannot establish "reasonable" detrimental reliance based on an interpretation that the summary plan descriptions promised vested benefits.  The retirees' interpretation of the plans as providing benefits which were vested upon retirement cannot be reconciled with the unqualified reservation of rights clause in the plans.  Thus, the district court did not err in concluding on summary judgment, as a matter of law, that the estoppel claims of the Unisys and Burroughs retirees could not be established.

### III.

Accordingly, we will affirm the judgment of the district court.

---

TO THE CLERK:

Please file the foregoing opinion.

*Carol Los Mansmann*

Circuit Judge

---

8.   (...continued)
ambiguity as an element for establishing an estoppel claim, we have required that detrimental reliance be "reasonable."  Because we also require that any detrimental reliance on plan language must be "reasonable," the court's finding that the reservation of rights clauses were unambiguous undercuts the reasonableness of any detrimental reliance by the retirees here.

9

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 94-1912

IN RE:  UNISYS CORP. RETIREE MEDICAL BENEFIT
"ERISA" LITIGATION

*Robert T. Dreegar; Ronald R. Bennett; Kenyon Bement;
Donald Wagner; Lucius Browne; Donald Fabry; Thomas
Durkin; Bernard Hart; Herman Hein; Donald L. Thompson;
Jim M. Eaves, individually and on behalf of all members
of the Burroughs Class an Unisys Class previously
certified by the Court who were not participants in
special early retirement incentive programs and their
eligible spouses and dependents (referred to by the
Court as "Burroughs and Unisys non-VERIP plaintiffs"),

Appellants

*(Pursuant to F.R.A.P. Rule 12(a))

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. MDL 969)

JUDGMENT

This cause came to be considered on the record from the

United States District Court for the Eastern District of

Pennsylvania and was argued on May 4, 1995.

On consideration whereof, it is now here ordered and

adjudged by this court that the judgment of the district court

entered on September 8, 1994 be and the same is hereby affirmed.

Costs taxed against appellants.

ATTEST:

*P. Douglas Sisk*

Clerk

JUN 2 8 1995

10

**EXHIBIT B**

# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADAIR, HARLEY J., ET AL., | : | MDL DOCKET NO. 969 |
| Plaintiffs, | : | |
| v. | : | CIVIL ACTION NO. 03-03924 |
| UNISYS CORPORATION, | : | |
| Defendant. | : | **FILED** JUL 1 5 2005 |

## PARTIES' JOINT STIPULATION AND PROPOSED ORDER SEVERING CERTAIN CLAIMS FOR TRIAL BEFORE MAGISTRATE JUDGE THOMAS J. RUETER, SERVING AS A SPECIAL MASTER

1.  In an effort to more efficiently and economically adjudicate this action, the parties hereby agree, pursuant to Fed.R.Civ.P. 42(b), to sever for separate trials the claims of following Plaintiffs and their spouses (the "Group One Trial Plaintiffs") from the remaining claims in this action.

    Harvey Bechtel
    Theodore Botzum
    Mary Castorani
    Ernestine Diloreto
    Eugene Endress
    Dennis Gallagher
    Henry Geneva
    Elihu Ginsberg
    Howard Hansell
    Vernon Horshaw
    Helen Peterman
    Robert Schieman
    Ruth Stringer
    Anne Walnut
    Thomas Yeager

    **ENTERED**

    JUL 1 5 2005

    CLERK OF COURT

2.  Magistrate Judge Thomas J. Rueter, serving as a Special Master pursuant to 28 U.S.C. §636(b)(2) and Local Rule of Civil Procedure 72.1(d), is hereby appointed under Fed. R. Civ. P. 53(a)(1)(A) as consented to by the parties to perform the duties described herein.

3.  The entry of this Stipulation as an Order of the Court will not occur until the Court has received from Magistrate Judge Rueter an affidavit disclosing that there are no grounds for his disqualification from his service as Special Master. The approval of this Stipulation signifies that such an affidavit has been received by the Court.

4.  Pursuant to Fed.R.Civ.P. 53(b)(2), the Court orders as follows:

    a.  The Special Master proceedings on the claims of the Group One Trial Plaintiffs shall proceed with all reasonable diligence.

    b.  Magistrate Judge Rueter is assigned to preside over and rule upon all pretrial and trial proceedings for the Group One Trial Plaintiffs.

    c.  Magistrate Judge Rueter shall have the full authority afforded Special Masters under Fed.R.Civ.P. 53(c) and shall issue one or more orders regarding the adjudication of the claims of each of the Group One Trial Plaintiffs.

    d.  Magistrate Judge Rueter is precluded from communicating ex parte with the parties in this action on any matter, or with the Court on matters of substance.

    e.  All filings, transcripts and trial exhibits shall be filed with the Court as though these proceedings had occurred before the presiding District Judge.

5.  As set forth in Fed.R.Civ.P. 53(g)(1), the parties shall have the right to appeal to the Court any order issued by Magistrate Judge Rueter, including findings of fact or conclusions of law, as follows:

    a.  Pursuant to Fed.R.Civ.P. 53(g)(3)(A), and with the consent of the parties, all findings of fact will be reviewed under a "clear error" standard of review.

    b.  Pursuant to Fed.R.Civ.P. 53(g)(4), all conclusions of law will be reviewed under a "de novo" standard of review.

    c.  Pursuant to Fed.R.Civ.P. 53(g)(5), all rulings on procedural matters will be set aside only for an abuse of discretion.

    d.  Pursuant to Fed.R.Civ.P. 53(g)(1), the parties shall not have the right to submit additional evidence to the Court that was not presented or offered to Magistrate Judge Rueter unless the parties mutually agree in writing to allow such submission of additional evidence.

    e.  A party's objections to an order by Magistrate Judge Rueter shall be filed within 21 days of its entry. All other parties shall have the right to respond to such objections within 14 days after service of such objections.

2

6.  The parties have conferred with Magistrate Judge Rueter, who has scheduled a two-week trial beginning October 17, 2005. The final pretrial conference has been set for Thursday, September, 29, 2005, at 10:00 AM.

7.  The parties shall confer with one another and submit directly to Magistrate Judge Rueter their proposals for additional procedural steps leading to this trial.

Dated: July 14, 2005

_____
Joseph J. Costello
William J. Delany
Paul C. Evans
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5295

Joseph A. Teklits
Unisys Corporation
Unisys Way
MS E8-114
Blue Bell, Pennsylvania 19424

Counsel for Defendant
Unisys Corporation

_____
Alan M. Sandals
Scott M. Lempert
SANDALS & ASSOCIATES, P.C.
One South Broad Street
Suite 1850
Philadelphia, PA 19107
(215) 825-4000

Counsel for Plaintiffs

IT IS SO ORDERED THIS ____14th____ DAY OF ____July____, 2005.

BY THE COURT:

_____
BRUCE W. KAUFFMAN, J.

3

TOTAL P.04

**EXHIBIT C**

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE UNISYS CORPORATION RETIREE MEDICAL BENEFITS ERISA LITIGATION | :    MDL DOCKET NO. 969 |
| ADAIR, HARLEY, J., ET AL., | : |
| Plaintiffs, | : |
| v. | :    CIVIL ACTION NO. 03-03924 |
| UNISYS CORPORATION, | : |
| Defendant. | : |

### UNISYS' INITIAL DESIGNATION OF TRIAL WITNESSES

Unisys Corporation ("Unisys") hereby discloses its intention to call the following witnesses during its case-in-chief at trial.[1]  Unisys hereby reserves the right to supplement, modify and amend this designation as circumstances warrant, and this designation is without prejudice to Unisys' right to call additional witnesses during any phase of the trial of this action, including the rebuttal phase.  Unisys reserves the right to call any witnesses listed on Plaintiffs' witness list or to counter-designate any trial and/or deposition testimony of any witness Plaintiffs are permitted to introduce through deposition or trial testimony at trial.

| **Witness** | **Manner of Presenting Testimony** |
|---|---|
| Leslie Avery | Live |
| Richard Bierly | Live or by deposition dated 11/15/2002 |

---

[1]     In its Motions in Limine, Unisys will move to exclude irrelevant documents and irrelevant testimony identified by Plaintiffs that have no nexus to the individual claims of the Trial Plaintiffs.  Unisys has designated herein witnesses that it will introduce on topics that do not have any nexus to Plaintiffs' claims if the Court denies Unisys' Motion in Limine.  Should the Court grant Unisys' Motion in Limine, Unisys may eliminate certain witnesses identified herein.

| | |
|---|---|
| Marie Blount | Live |
| Cheryl Davis | Live |
| Deborah Gerber (Craft) | Live |
| Heidi Kreider-Walker | Live |
| Kitty March | Live |
| Mary Massman | Live |
| Tom Penhale | Live |
| Eloise Phillips | Live |
| Robert Pohlman | Live |
| Janice Schroedler | Live |
| Owen Snyder | Live |
| Janet Witowski | Live |
| Susan Wolownik | Live |

Dated:  September 8, 2005

Joseph J. Costello
William J. Delany
Paul C. Evans
**MORGAN, LEWIS & BOCKIUS, LLP**
1701 Market Street
Philadelphia, PA  19103
(215) 963-5295

JOSEPH A. TEKLITS
Unisys Corporation
Unisys Way
MS E8-114
Blue Bell, Pennsylvania 19424

Counsel for Defendant
Unisys Corporation

**EXHIBIT D**

Harvey Bechtel

| Date | Identifier | Brief Description of Documents |
|------|-----------|-------------------------------|
| 4/19/1989 | Bechtel 1/Supp. 000032-000033 | Memorandum to Bechtel from Pohlman |
| 7/1/1985 | Bechtel 2/007947-007967 | Burroughs Medical Plan |
| 7/1/1986 | Bechtel 3/046776-046818 | Burroughs Medical Plan for Retired Employees |
| 1/1/1990 | Bechtel 4 | Letter from Penhale re: medical plan changes with attachment |
| 9/8/1987 | Supp 000002 | Letter from Cronk to Bechtel |
| 3/31/1989 | Supp 000003 | Memogram from Bechtel to Human Resources |
| 4/3/1989 | Supp 000007 | Employee Termination Data (retirement) |
| 8/5/1998 | | Bechtel's Responses to Interrogatories and Request for Production of Documents |
| | | **Documents Produced** |
| | | 1991 W2 |
| | | 1990 W2 |
| 8/15/2004 | | Bechtel's Responses to Interrogatories and Request for Production of Documents |
| | Supp 000005 | Employee Checkout |
| 4/4/1989 | Supp 000035 | Memogram from Wolownik to Teluba |
| 4/18/1989 | Supp 000034 | Memogram from Wolownik to Teluba |
| 4/3/1989 | Supp 000012-000013 | Continuation of Health Coverage Enrollment Form (Bechtel) |
| | Supp 000047-000048 | Key Dates Relating to Pay/Benefits for Harvey Bechtel |
| 6/22/1988 | Supp 000049 | Memorandum from Daugherty to Mirabile |
| | Supp 000028 - 000029 | Transmittal for Unisys Pension Plan Application for Benefits |
| 4/3/1989 | Supp 000040 | Beneficiary Designation Form (Bechtel) |
| 4/3/1989 | Supp 000041 | Savings Plan Final Distribution Request Form (Bechtel) |
| 4/3/1989 | Supp 000042 | Post Retirement Medical Plan Enrollment/Change Form |
| 4/3/1989 | Supp 000043 | HMO Enrollment/Change Authorization Form (Bechtel) |
| 4/7/1989 | Supp 000036 | Request for Retirement Income Estimate (Bechtel) |
| | Supp 000037 | Transmittal for Unisys Pension Plan Application for Benefits (Bechtel) |
| | Supp 000038 | Pension Plan Application for Retirement Income Form (Bechtel) |
| 4/15/1989 | | Memorandum from Avery to Johnson |
| 4/3/1989 | Supp 000008 | Disposition of Final Paycheck(s) |

Theodore Botzum

| Date | Identifier | Brief Description of Documents |
|---|---|---|
| 3/1/1989 | Bur000030/A011-018/Botzum 1 (2000) | Schoedler letter to Botzum |
| 3/13/1989 | Botzum 3 (2000) | Post retirement medical plan enrollment/change form |
| 3/8/1989 | Bur000030/A04-010/Botzum 2 (2000) | Schoedler letter to Botzum |
| 7/4/1999 | | Botzum's Responses to Interrogatories and Request for Production of Documents |
| 8/9/2004 | | Botzum's Responses to Interrogatories and Request for Production of Documents |
| 3/13/1989 | | Continuation of Health Coverage Enrollment Form (Botzum) |
| 2/27/1989 | Bur000030/A051 | Personnel Action Notice - layoff |
| 3/30/1989 | But000030/A052 | Personnel Action Notice - Voluntary Layoff/Retirement |
| 3/30/1989 | Bur000030/A029 | Termination Checklist |
| 3/13/1989 | Supp000119 | Savings Plan Final Distribution Request |
| | | Transmittal for Unisys Pension Plan Application for Benefits |

Mary Castorani

| Date | Identifier | Brief Description of Documents |
|------|-----------|-------------------------------|
| 4/29/1988 | Castorani 1 (1999) | Post Retirement Medical Plan/Enrollment Form |
| 5/28/1985 | Castorani 2 (1999) | Letter from Bierly to All U.S Employees |
| 4/29/1988 | Castorani 1 (2005) | Continuation of Health Coverage Enrollment Form |
| 8/29/1998 | | Castorani's Responses to Interrogatories and Request for Production of Documents |
| 8/31/2004 | | Castorani's Responses to Interrogatories and Request for Production of Documents |

Ernestine DiLoreto

| Date | Identifier | Brief Description of Documents |
|---|---|---|
| 1/16/1987 | DiLoreto 1/Supp 000152-0157 | Letter from C. Davis to DiLoreto |
| 2/5/1987 | DiLoreto 2 | Eligibility/Enrollment Form Continuation of Burroughs Group Health Coverage |
| 8/6/1987 | DiLoreto 3/Supp 001439-001440 | Enrollment for Retired Employee Group Insurance |
| | DiLoreto 6 | Benefit Summary/Health Care and Insurance Benefits |
| | DiLoreto 7 | Burroughs Corporation Benefits - Your Personal Annual Statement |
| 7/27/1998 | | DiLoretos' Responses to Interrogatories and Request for Production of Documents |
| 8/20/2004 | | DiLoretos' Responses to Interrogatories and Request for Production of Documents |
| | | **Documents Produced** |
| | DiLoreto1001-1002 | Burroughs - Your Personal Annual Statement |
| | DiLoreto1003-1005 | Burroughs Health Advantage (copy of vinyl record) |
| | Supp 000165-000171 | Burroughs Retirement Estimate |
| 2/2/1987 | Supp 000172-000174 | Employer's Notice of Application |
| 10/14/1986 | Supp 000176 | Memorandum from M. Daves to M. MacBride re: Extension of Temporary Assignments |
| 1/27/1986 | Supp 000177 | Personnel Action Form |
| | Supp 000178 | Summary of Interview |
| 1/24/1986 | Supp 000181 | Memo from C. Davis re: DiLoreto being laid off effective 1/10/86 |
| 12/10/1985 | | Personnel Action Form - layoff |
| 12/3/1986 | | Memo from K. March to E. DiLoreto |
| | | Retirement Estimate |
| | | Retirement Estimate (11/10/86) |
| 9/8/1987 | | Burroughs Employees' Retirement Income Plan - Termination of Employment |

Eugene Endress

| Date | Identifier | Brief Description of Documents |
|---|---|---|
| 7/15/1988 | Endress 1 (1999) | Request to be Considered for Layoff from E. Endress to E. Elmo and L. Sichel |
| 6/7/1989 | Endress 1 (2005)/Supp 000091 | Key Dates Relating to Benefits/Pay for E. Endress |
| 4/3/1989 | Endress 2 (2005) | Unisys Continuation of Health Coverage Enrollment Form for H. Bechtel |
| 7/21/1998 | | 1998 Interrogatory Response of E. and G. Endress, with Supporting Documents |
| | | **Documents Produced** |
| | | 1989 Form 1120A |
| | | 1999 Form 1120 |
| | | 1989 US Income Tax Return |
| | | 1999 US Income Tax Return |
| 3/7/1989 | | Memorgam from S. Wolownik to L. Avery |
| | | Pension Payment Application completed by S. Wolownik for E. Endress |
| 3/6/1989 | | Pension Plan Application for Retirement Income |
| | | 1988 Form W4-P |
| | | Direct Deposit Authorization of Retirement Income |
| | | Beneficiary Designation Form |
| | | Post Retirement Medical Plan Enrollment/Change Form |
| February, 1989 | | Employees Who are Eligible to Retire With Post-Retirement Medical Benefits |
| 8/10/2004 | | 2004 Interrogatory Response of E. and G. Endress, with Supporting Documents |
| | | Unisys 1998 Benefits Enrollment Form (Endress) |
| 10/3/1988 | | BERIP Pension Plan and Unisys Pension Plan Printouts for E. Endress, with Listing of Employees's Estimated Monthly Benefits |
| 7/14/1988 | | Request for Retirement Estimate for E. Endress from D. Gerber to M. Johnson in Corporate-Detroit |
| 4/3/1989 | | Interoffice Memorandum from L. Avery to K. Johnson Enclosing Retirement Papers for E. Endress |
| 7/18/1988 | | Request for Retirement Income Estimate for E. Endress from S. Wolownik |
| 11/30/1988 | | Unisys Employee Checkout Form for E. Endress |
| 5/31/1989; 6/7/1989 | SUPP 000089 | Unisys Pension Plan System - Unisys Compensation Inquiry - Update Date 3/1 for E. Endress, with Handwritten Notes of J. Howe |
| 10/31/1988 | | Personnel Action Form |
| | | Personnel Action Form |
| | | Affirmative Written Selection |
| 5/14/1989 | | Affirmative Written Selection |
| 2/27/1989 | Endress 3 | Letter to E. Endress from Human Resources |

Henry Geneva

| Date | Identifier | Brief Description of Documents |
|---|---|---|
| 6/14/1989 | | Unisys Post-Retirement Medical Plan Enrollment/Change Form for H. Geneva |
| 1/23/1989 | | Interoffice Memorandum from L. Avery to K. Johnson Enclosing Retirement Papers for H. Geneva with attachments |
| 12/30/1988 | | Unisys Continuation of Health Coverage Enrollment Form (Geneva) |
| 5/30/1984 | | Speed-O-Letter from H. Geneva to O. Snyder Re: Request for a Print Out of Projected Retirement Income Retirement Forms Processing Checklist for H. Geneva |
| | | Custom Products Group - System Development Corporation, A Burroughs Company, Documents titled "Insurance Benefits for the Retired Employee," "Retired Employee Eligible for Medicare," and "Burroughs Employees' Retirement Income Plan to Estimate Benefits Under a Survivor Benefit Election" |
| | | Document Describing Life Insurance and B.E.S.T. Benefits, with Attached Copy of Envelope Addressed to H. Geneva |
| 12/29/1988 | Geneva 1 | Copy of Check from Unisys Corp. to H. Geneva in the Amount of $19,291.10 |
| 12/1/1986 | Geneva 2 | Burroughs Special Voluntary Retirement Program Estimated Benefits as of December 1, 1986 for H. Geneva |
| 6/15/1998 | Geneva 3 | Handwritten Note from H. Geneva to "Whom it may Concern" |
| 5/20/1988 | Geneva 6 | Burroughs Medical Plan for Retired Employees, Date Stamped 5/20/1988 as Received by E. Ginsberg |
| 8/15/1988 | Geneva 7 | Unisys Pension Plan and "Old Plan" Printouts for H. Geneva, with List of Employee's Estimated Monthly Benefits |
| | Geneva 8 | Your Benefit System: A Foundation for Security, Addressing Burroughs Colleagues from R.H. Bierly |
| 7/26/1999 | | Geneva's Responses to Interrogatories and Request for Production of Documents |
| | | **Document Produced** |
| 7/19/1989 | | Letter of Bittner to Geneva |
| 6/26/2005 | | Geneva's Responses to Interrogatories and Request for Production of Documents |
| 11/17/1986 | | Special Voluntary Retirement Program Response Form (Geneva) |
| 12/30/1988 | | Unemployment Notice (Geneva) |
| 12/28/1988 | | Termination Notice (Geneva) |
| 11/3/1988 | | Savings Plan Final Distribution Request (Geneva) |
| 11/7/1988 | | Personnel Action Notice (Geneva) |
| | | Transmittal for Unisys Pension Plan Application for Benefits (geneva) |
| June, 1984 | | Speed-o-Letter |
| 6/14/1989 | | Handwritten note of Lisa Avery enclosing Post Retirement Medical Plan Enrollment Form |
| 8/9/1988 | | Request for Retirement Estimate to P. Davis |
| 6/14/1989 | Supp 00198-00201 | Transmittal from L. Avery to K. Rusinski re: Unisys Post Retirement Medical Plan Enrollment/Change Form |

Dennis Gallagher

| Date | Identifier | Brief Description of Document |
|---|---|---|
| 6/20/1998 | Gallagher 1 (1999) | Letter from D. Gallagher to Clerk of Court in Re: Unisys Corp. Retiree Med. Benefits Litig., MDL Docket No. 969 with attachments. |
| 2/1/1989- 3/15/1989 | Gallagher 3 (1999) | Unisys Voluntary Retirement Incentive Program document |
| 8/12/1988 | | Request for Retirement Estimate with Unisys Pension Plan Printout, Including List of Employee's Estimated Monthly Benefits and Key Dates Relating to Pay/Benefits for D. Gallagher Attached |
| 8/8/1999 | | Gallagher's Responses to Interrogatories and Request for Production of Documents |
| | | **Documents Produced** |
| | | Letter to Employee from Human Resources Enclosing Papers Related to Retirement |
| 8/23/2004 | | Gallagher's Responses to Interrogatories and Request for Production of Documents |
| 3/13/1989 | | Unisys Post-Retirement Medical Plan Enrollment/Change Form for D. Gallagher |
| | | Unisys Continuation of Health Coverage Enrollment Form |
| | | Retirement Forms Processing Checklist for D. Gallagher |
| 2/28/1989 | | Memorandum from D. Gallagher to H. Browning Confirming Conversation on 2/28/1989 |
| 2/14/1989 | | Request for Retirement Estimate for D. Gallagher from L. Avery to M. Johnson in Corporate/Detroit |
| 4/3/1989 | | Interoffice Memorandum from L. Avery to K. Johnson Enclosing Retirement Papers for D. Gallagher (with copies of all relevant papers attached) |
| Undated | | Unisys Employee Checkout Form for D. Gallagher |
| 3/30/1989 | | Memogram from L. Avery to R. Taluba Re: Confirmation of Termination of D. Gallagher as Lay Off and Last Day of Employment as 3/31/1989 |
| 11/17/1986 | SUPP 000193 | 1986 Special Voluntary Retirement Program Response Form |
| 11/12/1988 | | Benefit Enrollment (Gallagher) |

Elihu Ginsberg

| Date | Identifier | Brief Description of Documents |
|---|---|---|
| 6/3/1998 | Ginsberg 1 | Letter from E. Ginsberg to Clerk of Court for Unisys Corp. Retiree Med. Benefits Litig. with attachments |
| 8/18/1988 | | Retirement Forms Processing Checklist for E. Ginsberg |
| 8/18/1988 | | Unisys Continuation of Health Coverage Enrollment Form for E. Ginsberg |
| 7/29/1999 | | Ginsberg's Responses to Interrogatories and Request for Production of Documents |
| 8/23/2004 | | Ginsberg's Responses to Interrogatories and Request for Production of Documents |
| 8/18/1988 | Ginsberg 2 | Unisys HMO Enrollment/Change Authorization Form for E. Ginsberg |
| 8/18/1988 | Ginsberg 5 | Unisys Post-Retirement Medical Plan Enrollment/Change Form for E. Ginsberg |
| 8/18/1988 | | Savings Plan Final Distribution Request Form |
| 8/23/1988 | | Personnel Action Form |
| | | Transmittal for Unisys Pension Plan Application For Benefits |
| 10/3/1988 | | Memorandum from D. Gerber to K. Johnson enclosing retirement papers for Ginsberg |
| 4/26/1988 | Ginsberg 4 | Letter of R. Bierly to E. Ginsberg re: Unisys Position on BERIP "Residual" Benefit |
| | Geneva 6 | Burroughs Medical Plan for Retired Employees with stamp "received May 20, 1988 E.M. Ginsberg" |

Howard Hansell

| Date | Identifier | Brief Description of Documents |
|---|---|---|
| July, 1985 | | Burroughs Medical Plan for Retired Employees |
| 4/18/1989 | Hansell 3/Hansell 1001 | Letter from H. Kreider to "Retiree" Enclosing Copy of Burroughs Medical Plan for Retired Employees |
| 2/17/1989 | Hansell 7 | Voluntary Request for Lay-Off Consideration from H. Hansell to HR Representative |
| 3/5/1989 | Hansell 8 | Unisys Voluntary Retirement Incentive Program Election Form for H. Hansell |
| 3/5/1989 | Hansell 9 | Unisys Post-Retirement Medical Plan Enrollment/Change Form for H. Hansell |
| 1/27/1989 | | Fax form from J. Myers to K. Rosinelli |
| 1/27/1989 | | Request for Retirement Income Estimate |
| 3/5/1989 | | Unisys Voluntary Retirement Incentive Program Response Form |
| 7/20/1998 | | Hansell's Responses to Interrogatories and Request for Production of Documents |
| | | **Docuemnts Produced** |
| | | Burroughs Medical Plan for Retired Employees |
| | | Unisys Savings Plan - Distribution Statement |
| | | 1989 US Income Tax Return |
| | | 1990 US Income Tax Return |
| 7/17/2004 | | Hansell's Responses to Interrogatories and Request for Production of Documents |
| 3/5/1989 | Hansell 11 | Pension Plan Application for Retirement Income Form |

Vernon Horshaw

| Date | Identifier | Brief Description of Documents |
|---|---|---|
| 8/15/1988 | Horshaw 1 | Letter from M. Blount to V. Horshaw |
| 5/31/1988 | Horshaw 2 | Speed-O-Letter to V. Horshaw from M. Blount |
| 6/27/1988 | Horshaw 3 | Unisys Post-Retirement Medical Plan Enrollment/Change Form |
| 10/23/1986 | Horshaw 4 | 1986 Special Voluntary Retirement Program Response Form |
| 9/16/1999 | | Horshaw's Responses to Interrogatories and Request for Production of Documents |
| 8/23/2004 | | Horshaw's Responses to Interrogatories and Request for Production of Documents |
| 12/1/1986 | | Burroughs Special Voluntary Retirement Program Estimated Benefits for V. Horshaw |
| 6/27/1988 | | Unisys Employee Checkout Form for V. Horshaw |
| 9/16/1985 | | Interoffice Correspondence from N. DiAnnibella to E. Phillips with attachments |
| 7/11/1988 | | Letter from D. Gerber to K. Johnson |
| 6/27/1988 | | Beneficiary Designation Form (Horshaw) |
| 6/27/1988 | | Personnel Action Notice (Horshaw) |
| | | Request for Retirement Estimate (Horshaw) |

Helen Peterman

| Date | Identifier | Brief Description of Documents |
|---|---|---|
| 12/31/1986 | | Eligibility/Enrollment Form for Continuation of Burroughs Group Health Coverage for H. Peterman |
| 12/31/1986 | Supp 000214 | Enrollment Card for H. Peterman for Retired Employee Group Insurance |
| 7/31/1998 | | 1998 Interrogatory Response of H. Peterman |
| 8/27/2004 | | 2004 Interrogatory Response of H. Peterman |
| 5/26/1982 | Bur000105 A069 | Affirmative Written Selection (Peterman) |
| 5/20/1983 | Bur000105 A066 | Affirmative Written Selection Peterman) |
| 1/5/1987 | Bur000105 A053-A060 | Burroughs Employment Retirement Income Plan Election Forms |
| 1/16/1987 | Bur000105 A002 | Forwarding Address |
| | Bur000105 A020 | Personnel Action Notice |
| | Bur000105 A021 | Personnel Action Notice |
| | Bur000105 A022 | Personnel Action Notice |

Robert Schieman

| Date | Identifier | Brief Description of Document |
|---|---|---|
| 3/28/1989 | Schieman 1057 | Unisys Continuation of Health Coverage Enrollment Form for R. Schieman |
| | Schieman 1059 | Blank Enrollment Card for Retired Employee Group Insurance |
| 6/22/1984 | Schieman 1060 - Schieman 1064 | Burroughs Corporate Human Resources Bulletin Re: Group Medical Benefits for Retired Employees |
| 5/22/1989 | Schieman 1065 | Letter from H. Kreider to "Retiree" Enclosing Burroughs Medical Plan for Retired Employees |
| 7/20/1998 | | Schieman's Responses to Interrogatories and Request for Production of Documents |
| 8/25/2004 | | Schieman's Responses to Interrogatories and Request for Production of Documents |
| 3/28/1989 | | Pension Plan Application |
| 3/28/1989 | | Beneficiary Designation Form |
| | 067481-067482 | "Introducing The Burroughs Health Advantage" Pamphlet |
| 3/24/1989; 3/27/1989 | | Letter from R. Schieman to B. Burdette Re: Early Retirement and Enrollment in Medical Benefits Program Effective 3/31/1989 and Response Letter from B. Burdette to R. Schieman Confirming Receipt of Same |
| 7/1/1986 | | Burroughs Medical Plan for Retired Employees |
| 2/1/1989 | | Letter from J.A. Blaine to "Employees Who are Eligible to Retire with Post-Retirement Medical Benefits with attachments |
| 3/22/1989; 3/22/1989 | Schieman 1 (2005) | Letter from B. Burdette to R. Schieman Re: Workforce Reduction Effective 5/21/1989 and Letter from B. Burdette to R. Schieman Re: Consideration for Reemployment |
| 3/22/1989 | Schieman 1 (1999) | Letter from B. Burdette to R. Schieman |
| 3/28/1989 | | Unisys Continuation of Health Coverage Enrollment Form for R. Schieman |
| 3/28/1999 | | Unisys Post-Retirement Medical Plan Enrollment/Change Form for R. Schieman |
| 1/12/1995 | | Letter from R. Schieman to B. Jeffries Re: Discontinuation of Coverage for the Unisys Post-Retirement Medical Plan Effective 2/1/1995 |
| 3/29/1989 | | Termination Checklist |
| 4/12/1989 | | Transmittal for Unisys Pension Plan Application for Benefits |
| 3/28/1989 | | Retirement Forms Processing Checklist |

Ruth Stringer

| Date | Identifier | Brief Description of Documents |
|------|-----------|-------------------------------|
| 7/8/1988 | Stringer 1 (1999) | Letter from Human Resources to R. Stringer with attachments |
| 6/10/1988 | Stringer 1 (2005) | Memogram - from Stringer to Human Resources |
| 6/8/1988 | Stringer 3 (2005) | Post Retirement Medical Plan Enrollment/Change Plan |
| 6/8/1988 | Stringer 4 (2005) | Continuation of Health Coverage Enrollment Form |
| 11/17/1986 | Stringer 6 (2005) | Form re: Voluntary Retirement Program Election Form |
| 11/17/1986 | | 1986 Special Voluntary Retirement Program Response Form w/estimate |
| 4/18/1989 | Hansell 1001/Stringer 7 (2005) | Letter from Kreider to Retiree enclosing Burroughs Medical Plan for Retired Employees |
| 9/14/1998 | | Stringer's Responses to Interrogatories and Request for Production of Documents |
| | | **Documents Produced** |
| | | 1988 PA Individual Tax Returns |
| | | 1989 PA Individual Tax Return |
| 8/26/2004 | | Stringer's Responses to Interrogatories and Request for Production of Documents |
| | | **Documents Produced** |
| | Stringer 1001-1010 | 1990 US Income Tax Return |
| | Stringer 1011-1018 | 1991 US Income Tax Return |
| | | Retirement Forms Processing Checklist with attachments - Employee Termination Data, Continuation of Health Coverage Enrollment Form, Continuation of Health Coverage Enrollment Form "declined" |
| 6/8/1988 | Stringer 2 (2005) | Beneficiary Designation Form |
| 8/9/1988 | Stringer 5 (2005) | Pension Plan Application for Retirement Income Form |
| 8/9/1988 | | Memorandum from D. Gerber to K. Johnson re: Ruth Stringer with attachments |
| 7/17/1988 | | Employee Termination Data |
| | | Burroughs Special Voluntary Retirement Program Estimate as of 12/1/86 and election form |
| 7/17/1981 | | Personnel Action Notice |
| 3/18/1983 | | Personnel Requisition |
| 11/7/1983 | | Personnel Requisition |
| 2/23/1991 | | Handwritten Notes of Ruth Stringer |

Francis Walnut

| Date | Identifier | Brief Description of Documents |
|------|-----------|-------------------------------|
| 6/16/1987 | Walnut 5 (1999) | Settlement Agreement |
| 3/26/1987 | Walnut 6 (1999) | Enrollment for Retired Employee Group Insurance |
| 12/7/1984 | Walnut 2 (1999) | Letter from Shapiro to Coburn |
| 12/19/1985 | Walnut 3 (1999) | Letter from Shapiro to Coburn |
| 9/2/1986 | Walnut 4 (1999) | Letter from Shapiro to Coburn |
| 9/7/1998 | | Walnut's Responses to Interrogatories and Requests for Production of Documents |
| | | **Documents Produced** |
| | | Settlement Agreement |
| | | 1987 US Income Tax Return |
| | | 1988 US Income Tax Return |
| | | Burroughs Medical Plan for Retired Employees |
| 8/20/2004 | | Walnut's Responses to Interrogatories and Requests for Production of Documents |
| 5/6/1987 | | Memorandum From Peterson to Distribution re: Francis Walnut Retirement with COBRA Form |
| 5/5/1987 | | Peronnsel Action Form - Short term disability |
| 5/5/1987 | | Personnel Action Form - Return from Short term Disability |
| 5/5/1987 | | Personnel Action Form - Retirement - 4 weeks vacation due |
| 3/26/1987 | | Request for Retirement Estimate |
| 7/30/1987 | | Letter from Peterson to F. Walnut |
| 5/3/1987 | Walnut 1 | Attending Physician Return to Work Release |
| 3/26/1987 | Supp 000236 | Enrollment for Retired Employee Group Insurance (Walnut) |
| 5/6/1987 | | Memorandum from Peterson to Distribution with Attached Forms |
| 8/14/1987 | | Eligibility/enrollment form - COBRA |

Thomas Yeager

| Date | Indentifier | Brief Description of Documents |
|---|---|---|
| 2/1/89 - 3/15/89 (eligibility period) | Yeager 1 (1999) | Unisys Voluntary Retirement Incentive Program |
| 3/1/1989 | Yeager 5 (1999) | Letter from Schoedler to Yeager |
| 3/21/1989 | Yeager 1010 | Post Retirement Medical Plan Enrollment/Change Form |
| 3/21/1989 | Yeager 1029-1180 | Unisys Summary Plan Description Booklet |
| 3/21/1989 | Yeager 1 (2005) | Continuation of Health Coverage Enrollment Form |
| February, 1989 | Yeager 2/1016-1028 | Employees Who Are Eligible To Retire With Post Retirement Medical Benefits |
| 3/21/1989 | Yeager 4 (2005) | Post Retirement Medical Plan Enrollment/Change Form (Yeager) |
| 3/8/1989 | Yeager 6 | Letter from Schoedler to Yeager |
| 3/8/1989 | Yeager 1001-1009 | Letter from Schoedler to Yeager |
| 2/27/1989 | Supp 000321 | Personnel Action Notice |
| 3/30/1989 | Supp 000322 | Personnel Action Notice |
| 6/20/1989 | | Letter from Schoedler to "whom it may concern" |
| 7/22/1998 | | Yeager's Responses to Interrogatories and Request for Production of Documents |
| | | **Documents Produced** |
| | | Unisys Voluntary Retirement Incentive Program |
| | | Financial Need Analysis |
| | | 1989 US Income Tax Return |
| | | 1990 US Income Tax Return |
| 3/21/1989 | Supp 000302 | Savings Plan Final Distribution Request Form |
| 3/30/1989 | | Termination Checklist |
| 3/31/1989 | Yeager 3 | Unisys Voluntary Retirement Incentive Program Election Form |
| 3/2/2005 | | Letter from Gallagher to Delany and attachments (Yeager 1414) |