IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: UNISYS CORPORATION RETIREE MEDICAL BENEFITS ERISA LITIGATION | : : : | MDL DOCKET NO. 969 |
| ADAIR, HARLEY, J., <u>et al.</u> v. UNISYS CORPORATION | : : : : : | CIVIL ACTION NO. 03 - 3924 |

## MEMORANDUM AND ORDER

**Kauffman, J.**                                                                                                                                                        **December 4, 2007**

Now before the Court is Defendant Unisys Corporation's Motion to Deny Without Prejudice or Stay Consideration of the Trial Plaintiffs' Petition for Attorneys' Fees and Costs (the "Motion"). For the reasons discussed below, the Motion will be denied.

**I. BACKGROUND**

This litigation arises from the 1986 merger of the Sperry Corporation ("Sperry") and the Burroughs Corporation ("Burroughs") into Unisys Corporation ("Unisys" or "Defendant"). Prior to the merger, both Sperry and Burroughs provided retiring employees with post-retirement medical coverage at little or no cost. After the merger, Unisys maintained these "predecessor plans" and created a revised plan to cover employees who retired after April 1, 1989. On January 1, 1993, Unisys terminated the predecessor plans and the revised plan, replacing them with a new plan that required retirees to pay the full cost of their premiums. As a result of this reduction in

medical benefits, a number of lawsuits were filed in different jurisdictions and were later consolidated in the Eastern District of Pennsylvania by the Judicial Panel on Multidistrict Litigation.[1]

In early 2003, after an extended period of litigation involving several appeals to the Third Circuit, Unisys and the plaintiff retirees settled most of the claims.  When attempts to settle the remaining cases failed, the parties agreed to sever and try the claims of the Trial Plaintiffs, a group of fourteen individuals who were employed by Burroughs prior to the merger and who later retired from Unisys between 1987 and 1989.  Pursuant to a stipulation and Federal Rule of Civil Procedure 53, the claims of the Trial Plaintiffs were referred to Magistrate Judge Thomas J. Rueter to conduct a trial and issue a Report and Recommendation.

On September 29, 2006, after a bench trial and oral argument, Magistrate Judge Rueter issued a Report and Recommendation in which he found that twelve of the fourteen Trial Plaintiffs had proven breach of fiduciary duty claims under the Employee Retirement Income Security Act of 1974 ("ERISA") § 502(a)(3)(B), 29 U.S.C. § 1132(a)(3)(B), and were therefore entitled to an injunction compelling Unisys to re-enroll them in a reconstituted medical plan. On July 16, 2007, this Court adopted the Report and Recommendation in part and modified it in part.[2]  See Adair v. Unisys Corp. (In re Unisys Corp. Retiree Med. Benefits ERISA Litig.),

---

[1] On June 9, 1993, the parties stipulated that the action could proceed as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2).  The class consisted of approximately 21,000 former non-union employees of Sperry, Burroughs, and Unisys.  In 2003, the Court decertified the class, finding that the claims of the individual plaintiffs lacked the cohesiveness required for Rule 23(b)(2) class actions.  See In re Unisys Retiree Med. Benefits Litig., 2003 U.S. Dist. LEXIS 1577 (E.D. Pa. Feb. 4, 2003).

[2] The Court modified the Report and Recommendation with respect to the recommendation that the reconstituted plan be reformed to remove Unisys's right to reduce or

2007 U.S. Dist. LEXIS 51906 (E.D. Pa. July 16, 2007).  Unisys has appealed this Court's July 16, 2007 Order, and the Trial Plaintiffs have filed a cross-appeal.  On August 31, 2007, the Trial Plaintiffs filed a Petition for Attorneys' Fees and Costs (the "Fee Petition"), and Unisys filed the instant Motion on October 10, 2007.

**II.  DISCUSSION**

Pursuant to 29 U.S.C. § 1132(g)(1), the Court may award attorneys' fees to the prevailing party in an ERISA action.  See, e.g., McPherson v. Employees' Pension Plan of Am. Re-Ins. Co., 33 F.3d 253, 254 (3d Cir. 1994) ("Attorneys' fees may be awarded to prevailing parties in actions brought under the Employee Retirement Income Security Act of 1974 . . . .").  Although the case is currently on appeal, the Court retains jurisdiction to consider the Fee Petition.  See, e.g., West v. Keve, 721 F.2d 91, 95 n.5 (3d Cir. 1983) ("Should the district court prefer to consider a fee application during a pending appeal on the predicate case, the district court is not divested of jurisdiction to determine the application.").  The Court, however, may deny the application without prejudice if it finds that the application is premature.  See Fed. R. Civ. P. 54(d)(2)(B) 1993 Advisory Committee Note ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice . . . .").

Defendant argues that the Court should deny the Fee Petition without prejudice because a reversal on the merits could render the attorneys' fees decision moot.  In support of its argument,

---

terminate benefits.  The Court instead permanently enjoined Unisys from reducing or terminating benefits in the reconstituted plan.

Defendant cites several decisions in this Circuit in which the district court has stayed consideration of attorneys' fees pending resolution of an appeal.[3] Local 827 Int'l B'hood of Elec. Workers v. Verizon N.J., Inc., 2006 U.S. Dist. LEXIS 56453, at *12-13 (D.N.J. Aug. 3, 2006);[4] 1st Westco Corp. v. Sch. Dist. of Phila., 1993 U.S. Dist. LEXIS 5025, at *1 (E.D. Pa. Mar. 17, 1993).

The weight of authority, however, is that the usual course is for the Court to consider attorneys' fees promptly after the merits decision rather than stay the Fee Petition until resolution of the appeal. As the 1993 Advisory Committee Note to Federal Rule of Civil Procedure 54(d)(2)(B) explains, "In many nonjury cases the court will want to consider attorneys' fee issues immediately after rendering its judgment on the merits of the case. . . . Prompt filing affords an opportunity for the court to resolve fee disputes shortly after trial, while the services performed are freshly in mind." The Manual for Complex Litigation provides a similar recommendation. See Manual for Complex Litigation (Fourth) § 14.222, at 204 (2004).

Moreover, a number of courts have found that a pending appeal, standing alone, is insufficient reason to postpone a fee decision for an indefinite period. See, e.g., Lyon v. Kimberly Clark Corp. Pension Plan, 2007 U.S. Dist. LEXIS 46424, at *3 (D.N.J. June 26, 2007) ("Defendant has proffered no reason why a pending appeal alone should constitute sufficient

---

[3] Defendant also relies on several cases in which the plaintiffs moved to stay consideration of their own applications for attorneys' fees. See, e.g., Pub. Interest Research Group of N.J., Inc. v. Hercules, Inc. 2004 U.S. Dist. LEXIS 28584, at *6 (D.N.J. Mar. 5, 2004).

[4] Although the district court in Local 827 did rely on the pending appeal to support its finding that the fee petition was premature, it had already decided that the plaintiffs were not yet prevailing parties under ERISA. Thus, the pending appeal was not the sole ground for the district court's decision. See 2006 U.S. Dist. LEXIS, at *13.

grounds for this Court to deny Plaintiff's motion.  Accordingly, this Court does not conclude that the pending appeal in and of itself offers a sufficient reason for this Court to deny without prejudice Plaintiff's present motion for attorney's fees."); Slip N' Slide Records, Inc. v. TVT Records, LLC, 2007 U.S. Dist. LEXIS 25730, at *9 (S.D. Fla. Apr. 8, 2007) ("With respect to the request to stay the pending motion for attorneys' fees, the Court is not inclined to grant such an indefinite stay of potentially complex issues that the Court of Appeals may want to consider in conjunction with an appeal of the ultimate judgment rendered in the case."); McCloud v. City of Sunbury, 2006 U.S. Dist. LEXIS 9187, at *2 (M.D. Pa. Feb. 23, 2006) (denying the defendant's motion to stay the fee application pending appeal and noting that "[w]e do not recall any instance where we have stayed a motion for attorney's fees and expenses pending the outcome of an appeal").

Given the fact that some of the legal services in this case were rendered as early as 1994, the Court declines to impose further delay on resolution of the Fee Petition.

### III.  CONCLUSION

For the reasons discussed above, Defendant's Motion will be denied and Defendant shall respond to the Fee Petition within thirty days from the date of this Order.  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: UNISYS CORPORATION RETIREE MEDICAL BENEFITS ERISA LITIGATION | : : : | MDL DOCKET NO. 969 |
| ADAIR, HARLEY, J., et al. | : : | CIVIL ACTION |
| v. | : : | NO. 03 - 3924 |
| UNISYS CORPORATION | : | |

**ORDER**

**AND NOW**, this 4th day of December, 2007, upon consideration of Defendant's Motion to Deny Without Prejudice or Stay Consideration of the Trial Plaintiffs' Petition for Attorneys' Fees and Costs (docket no. 72), and the Trial Plaintiffs' Opposition thereto (docket no. 75), and for the reasons stated in the accompanying Memorandum, it is **ORDERED** that the Motion is **DENIED**. Accordingly, Defendant shall file its response to the Fee Petition no later than thirty days from the date of this Order.

BY THE COURT:

/s/ Bruce W. Kauffman
BRUCE W. KAUFFMAN,  J.